SUSAN THORNTON, Mother and Next Friend of Shawn Thornton, a Minor, Plaintiff-Appellant, *v.* MONO MANUFACTURING COMPANY *et al.*, Defendants-Appellees.—(MONO MANUFACTURING COMPANY, Defendant and Third-Party Plaintiff, *v.* PETER MATEIKA, Third-Party Defendant.)

Second District    No. 80-573

Opinion filed August 20, 1981.

John M. Boreen, of Lawrence J. Ferolie & Associates, of Rockford, for appellant.

John H. Newton, of Greenwald, Maier & Newton, and Richard D. Gaines and Brent A. Swanson, both of Holmstrom and Green, both of Rockford, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This action was commenced in the Circuit Court of Winnebago County by Susan Thornton for the benefit of her minor son, Shawn Thornton (hereafter plaintiff), to recover damages for injuries he sustained on a rotary cutter machine. At issue is the constitutionality of the Illinois products liability statute of limitation. Ill. Rev. Stat. 1979, ch. 83, par. 22.2.

The facts in this case are undisputed. On July 26, 1979, the plaintiff, a minor eight years of age, stepped onto a rotary cutter owned by his grandfather. The rotary cutter was a piece of farm machinery purchased from defendant Tractor Supply Company on July 14, 1969. While standing on the machine near the point where the shaft enters the gear box, plaintiff's left arm became caught in the shaft and was dismembered.

Plaintiff filed a two-count complaint alleging negligence and strict liability in tort against the purported manufacturer and retailer of the machine. The trial court granted summary judgment in favor of the manufacturer, Mono Manufacturing Company, on both counts of the complaint, and in favor of the retailer, Tractor Supply Company, for strict liability in tort alone. From these judgments, plaintiff appeals.

After briefing and oral argument in this court, plaintiff petitioned for leave to dismiss the appeal. As grounds for his petition, plaintiff admitted that he had sued the wrong manufacturer in this suit; that he had subsequently commenced another action in the Federal District Court for the Northern District of Illinois against what he believed was the true manufacturer of the machine; and that the issues litigated among the parties to the lawsuit before this court were therefore moot. We granted the petition to dismiss the appeal with respect to Mono Manufacturing Company. However, because the retailer, Tractor Supply Company (hereafter Tractor), had also been named as a defendant in the Federal suit, the issues argued in this case between Tractor and the plaintiff are still very much alive. As to defendant Tractor, we therefore denied plaintiff's petition to dismiss the appeal. Ill. Rev. Stat. 1979, ch. 110A, par. 301.

This lawsuit was filed on December 28, 1979. The trial court found that the rotary cutter was sold to the initial user-consumer more than 10 years before the filing of the complaint. By the terms of the products liability statute of limitation (Ill. Rev. Stat. 1979, ch. 83, par. 22.2(b)), no products liability action based upon a theory of strict liability in tort shall be commenced after 10 years from the date of sale to its initial user. The trial court therefore ruled that the plaintiff's action for strict liability in tort was barred.

Plaintiff contends that the statute is unconstitutional, either on its face or as applied to him. First, he argues that it contravenes the due process

clause of article I, section 2 of the Illinois Constitution of 1970, which provides:

"No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

■■ Whether a statute violates the due process clause depends upon whether it bears a reasonable relationship to a constitutionally permissible purpose. (*Pozner v. Mauck* (1978), 73 Ill. 2d 250, 383 N.E.2d 203.) Both parties suggest that the legislative purpose sought by enactment of the products liability statute of limitation was to dampen the rapid escalation of insurance rates which has accompanied the widened exposure to lawsuits of those in the chain of manufacture and distribution of products since the advent of products liability actions based on strict liability in tort. (See Minichello & Orpett, *Beat the Clock: The New Product Liability Statute of Limitations in Illinois*, 67 Ill. B.J. 414 (1979).) Other reasons advanced by defendant Tractor for the passage of this statute include the economic burden ultimately imposed on the consumer by such suits; the difficulties in proof and recordkeeping which such suits impose; court congestion; and the fundamental unfairness involved in imposing current legal and technical standards on products which were introduced into the stream of commerce more than 10 years prior to the commencement of a given suit.

Plaintiff has not contended that these purposes are constitutionally impermissible. Rather, he argues that the statute is arbitrary because it imposes a limitation only with respect to actions grounded upon strict liability in tort, but not those based upon negligence or warranty.

■■ However, the recent evolution of the doctrine of strict liability in tort reflected in Illinois case law testifies to the independence which this cause of action has won from the traditional constraints of negligence and warranty. (See, *e.g.*, *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Peterson v. Lou Bachrodt Chevrolet Co.* (1975), 61 Ill. 2d 17, 329 N.E.2d 785, *appeal after remand* (1978), 61 Ill. App. 3d 898, 378 N.E.2d 618, *aff'd & rem.* (1979), 76 Ill. 2d 353, 392 N.E.2d 1; *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 338 N.E.2d 857; *Crowe v. Public Building Com.* (1978), 74 Ill. 2d 10, 383 N.E.2d 951.) These cases illustrate that unlike ordinary negligence, a manufacturer or distributor of a product may be held liable under a theory of strict liability in tort regardless of the degree of care exercised; and unlike warranty, recovery is limited neither by traditional rules of contractual privity, nor by the time constraints which usually accompany warranties. Based upon these different considerations, it cannot be said that the legislature served no rational purpose by imposing a limitation upon products liability actions grounded on strict liability in tort which is absent from warranty and negligence. Whether this particular statute is

the best means to achieve the desired goal of the legislature is not, of course, a proper subject of judicial inquiry. (*Bridgewater v. Hotz* (1972), 51 Ill. 2d 103, 281 N.E.2d 317.) It is enough that the statute bears a reasonable relationship to its intended purpose.

Plaintiff next argues that the statute deprives a person of due process because it has the effect of barring a cause of action before it accrues. In his case, for example, the 10-year period after the sale of the rotary cutter to the initial consumer, during which time an action would have been permitted under the statute, expired prior to the date of plaintiff's injury. His action accrued on July 26, 1979, 11 days after the 10-year period had elapsed.

Strictly speaking, however, the statute here is not a true statute of limitation, which governs the time within which lawsuits may be commenced *after* a cause of action has accrued. (*Skinner v. Anderson* (1967), 38 Ill. 2d 455, 458, 231 N.E.2d 588, 590.) Rather than being directed at the remedy, this statute extinguishes the right of action itself *before* it arises. The significance of this distinction was explained by the Supreme Court of New Jersey in *Rosenberg v. Town of North Bergen* (1972), 61 N.J. 190, 293 A.2d 662. There, the plaintiff challenged the constitutionality of a 10-year statutory limitation upon actions arising from deficiency in the design, planning, supervision or construction of improvement to real property. Plaintiff sought to recover for personal injuries allegedly sustained as a result of negligence in the repavement of a public street 34 years prior to the date of her injuries. Rejecting plaintiff's claim that the statute deprived her of due process in that it barred her cause of action before it accrued, the court stated:

> "This formulation suggests a misconception of the effect of the statute. It does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed. [Citations.]" (61 N.J. 190, 199-200, 293 A.2d 662, 667.)

Accord, *Loyal Order of Moose, Lodge 1785 v. Cavaness* (Okla. 1977), 563 P.2d 143.

■■ The Illinois statute before us became effective on January 1, 1979. This was more than six months prior to the accident which, but for the

statute, would have given rise to plaintiff's cause of action here. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761.) Our courts have held that a vested right is something more than a mere expectation based upon an anticipated continuance of an existing law. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 21 N.E.2d 318; *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.) The statute, therefore, did not disturb a legal right which had already vested in the plaintiff at the time it came into effect.

Plaintiff has referred us to a contrary rule in Florida. In *Overland Construction Co. v. Sirmons* (Fla. 1979), 369 So. 2d 572, the supreme court of that State held that a limitation of action statute similar to that in *Rosenberg* violated the Florida Constitution, article I, section 21, of which provides:

"The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

The court, however, was careful to point out that this provision has no counterpart in the United States Constitution and derives its meaning solely from Florida case law. (369 So. 2d 572, 573.) The *Overland* court followed its earlier interpretation of this provision in *Kluger v. White* (Fla. 1973), 281 So. 2d 1, 4, wherein it stated:

"[W]here a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. §2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, *unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.*" (Emphasis added.)

Finding no such "overpowering public necessity" expressed by the legislature when it passed the limitation of action statute, and that the plaintiff was thereby left with no other legal redress, the *Overland* court struck down the statute.

A year later, relying on its decision in *Overland*, the Florida court in a *per curiam* opinion voided a similar statute which barred product liability suits against manufacturers based upon strict liability in tort after 12 years from the sale of the product. *Battilla v. Allis Chalmers Manufacturing Co.* (Fla. 1980), 392 So. 2d 874.

■■ The only provision in the Illinois Constitution analogous to article I,

section 21 of the Florida Constitution is article I, section 12, which provides:

"Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly."

However, unlike the Florida provision, this constitutional guarantee has not been given such a broad sweep as that afforded by the Florida courts. It has been held to express a philosophy rather than a mandate that a certain remedy be provided. (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659.) Furthermore, unlike the Florida provision, our courts have not interpreted section 12 as granting vested rights in particular remedies which can be abrogated by the legislature only upon a showing of "overpowering necessity" and the absence of an alternative. (See, *e.g., Merlo v. Johnson City & Big Muddy Coal & Mining Co.* (1913), 258 Ill. 328, 101 N.E. 525; *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.) Rather, consistent with section 12, it has been held that the legislature may abolish an existing remedy so long as the change is not arbitrary, but is deemed a reasonable exercise of the legislature's police power in providing for the general welfare. (*Clarke v. Storchak* (1943), 384 Ill. 564, 52 N.E.2d 229, *appeal dismissed* (1944), 322 U.S. 713, 88 L. Ed. 1555, 64 S. Ct. 1270 (upholding the constitutionality of the automobile guest statute); *Adams v. City of Peoria* (1979), 77 Ill. App. 3d 683, 396 N.E.2d 572 (sustaining validity of Tort Immunity Act); *Mier v. Staley* (1975), 28 Ill. App. 3d 373, 329 N.E.2d 1 (sustaining immunity provisions of the Workmen's Compensation Act).) As we held earlier in this opinion, in light of the particular harm which it seeks to avoid, we do not view the statute here as an arbitrary exercise of legislative power. The statute does not seek to abolish altogether the common law action of strict liability in tort, but only imposes the limitation after 10 years from the sale of the product to the initial consumer. Moreover, we note that the statute does not in any way disturb plaintiff's action to recover for his injuries under common law negligence. *Cf. Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 375 N.E.2d 480 (if some remedy exists, section 12 does not mandate recognition of another remedy with less onerous burden of proof).

Finally, plaintiff contends that subsection (d) of the statute should be interpreted so as to include all minors until such time as they reach their majority. (Ill. Rev. Stat. 1979, ch. 83, par. 22.2(d).) Subsection (d) provides:

"(d) Notwithstanding the provisions of subsections (b) and (c) (2) *if the injury complained of occurs within any of the periods*

*provided by subsections (b) and (c)(2) hereof,* the plaintiff may bring suit within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or insane, or mentally ill, or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed." (Emphasis added.)

In support of his contention that the savings clause in subsection (d) applies to all minor claimants, plaintiff argues that the statutory language is ambiguous as to whether it is intended to benefit only those minors whose injuries were sustained within the limits of the discovery rule of subsection (d), or to all minors both within and without the parameters of that rule. Because of this alleged ambiguity, plaintiff urges that we determine the intent of the legislature by considering the provisions of related statutes. (*In re Estate of Kritsch* (1978), 65 Ill. App. 3d 404, 382 N.E.2d 50.) Since other sections of our statutes of limitation contain express savings clauses for all minors which toll the statutes during the period of minority, plaintiff suggests that this provision must be read to do likewise.

■■■ However, where the language of a statute is certain and unambiguous, the only legitimate function of the courts is to enforce the law as enacted by the legislature. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 256 N.E.2d 758.) Although the provisions of this statute are complex, it cannot be said that the language applicable to this suit is ambiguous. For as a threshold matter, the benefit of the savings clause in subsection (d) can be claimed only by parties whose injuries occurred "within any of the periods provided by subsections (b) and (c)(2) hereof * * *." Plaintiff's did not.

■■ Nor is this result inconsistent with the purpose served by savings clauses reserved for minors in other statutes. The rationale underlying the tolling of statutes of limitation for minors is that their rights should not be extinguished merely because they are not old enough to protect themselves. (*Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.) Since plaintiff's potential cause of action for strict liability in tort was extinguished before it arose, his limited capacity as a minor to understand and pursue his legal remedies in a timely fashion in no way prejudiced him. As the law stands, no one, neither minor nor adult, who is injured by a product after 10 years from its sale to an initial consumer can recover

under a theory of strict liability in tort, unless the product was altered pursuant to subsection (c)(2). The statute does not thereby place minors at a disadvantage because of their minority.

Accordingly, the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.