THE HYSTER COMPANY, Appellee, *v.* THE INDUSTRIAL COMMISSION *et al.* (Timothy Mason, Appellant).

Third District (Industrial Commission Division)   No. 3—84—0125WC

Opinion filed July 23, 1984.

Robert L. Silberstein, of Peoria, for appellant.

John E. Cunningham, of Burgeson, Laughlin, Cunningham & Hare, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner-claimant, Timothy Mason, filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) for injuries sustained while employed by the respondent, the Hyster Company. The issues raised on appeal concern only the procedural history of the claim. The following facts are relevant to these issues.

The claimant suffered an injury to his leg on May 18, 1976, when a fixture fell from one of the respondent's machines, striking the claimant in the knee. On October 9, 1979, the arbitrator entered a decision awarding benefits for 20% loss of use of the right leg. The claimant filed a petition for review in which he requested oral argument. The respondent did not make a request for oral argument.

A hearing was held on July 31, 1980, before the Commission. After all evidence had been received, the Commissioner asked the claimant's attorney if he would waive oral argument. The claimant's attorney agreed to waive. Counsel for the respondent then made a request for oral argument. The verbal motion was denied. Four days later, the respondent submitted a written motion for oral argument. On September 18, 1980, the Commission entered its decision granting benefits for medical expenses and total temporary disability for 207⁶/₇ weeks. In its order the Commission stated that oral argument had

been waived.

The respondent appealed from the Commission's decision. The respondent asserted on appeal that it was denied due process of law in that it was not allowed (1) to present oral arguments, or (2) to present arguments on its right to oral arguments. The circuit court made no finding, but remanded the cause to the Commission for a hearing on the respondent's motion for oral argument.

On remand, the full Commission found: (1) that the respondent's motion for argument should have been granted; and (2) the circuit court's order remanding the cause was effectively a vacating of the Commission's original award of benefits. The Commission therefore entered a new decision (hereafter second decision) in which the claimant was awarded temporary total disability for 65⁶/₇ weeks and permanent partial disability of 7¹/₂% of the use of the right leg.

The claimant appealed from the second decision. The circuit court found that the Commission had the authority to consider all pending matters during its hearing on remand. The circuit court further found that the Commission had ruled correctly in its second decision on all issues of law and on the claimant's claim under the Act. It is from this order that the claimant now appeals.

The claimant asserts on appeal that: (1) the respondent's motion for oral argument was not timely; (2) the Commission's first decision was not set aside by the circuit court's order of remandment; (3) the Commission had no authority to enter a new award following remandment; and (4) the respondent was bound by its earlier position on the circuit court's order of remandment.

The claimant argues that the respondent's motion for oral argument was not timely. As noted above, the respondent first requested oral argument during the hearing before the Commission. A written motion was submitted four days after the hearing.

Requests for oral argument are governed by section 19(e) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(e)), which provides, in relevant part:

"The taking of testimony on such hearing may be had before any member of the Commission and in the event either of the parties may desire an argument before others of the Commission, such argument may be had upon *written* demand therefor filed with the Commission *at least 5 days* before the date of the hearing ***." (Emphasis added.)

The claimant argues that, because the Commission's authority is statutory, the language of section 19(e) must be strictly construed.

The respondent argues that the statute requires only that one

party request argument, and that, in the event the requesting party subsequently waives argument, the nonrequesting party is entitled to rely upon the original request. The respondent bases his argument upon analogy to Supreme Court Rule 352 (87 Ill. 2d R. 352) and section 2—1105 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1105).

Rule 352 governs requests for oral argument before the Illinois Supreme Court. Rule 352(a) provides that where a party requesting oral argument subsequently waives argument, any party who has filed a brief without requesting oral argument may then request it.

Section 2—1105 relates to the waiver of juries in civil cases. That section provides that if one party demands and then waives trial by jury, the opposing party may make a prompt jury demand.

The respondent asserts that section 19(e) should be construed consistent with Rule 352 and section 2—1105. However, both Rule 352 and section 2—1105 clearly set forth a procedure whereby the nonrequesting party may make a subsequent request. Section 19(e) provides no such procedure. It requires that a written request must be filed at least five days before the date of hearing. Statutory language which is certain and unambiguous must be enforced as enacted. (*Thorton v. Mono Manufacturing Co. v. Mateika* (1981), 99 Ill. App. 3d 722, 425 N.E.2d 522.) Courts are not permitted to add words to change the meaning of a statute. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 389 N.E.2d 151.) To interpret section 19(e) as the respondent suggests would be to rewrite the statutory procedures established by the legislature when enacting the Workmen's Compensation Act. This we decline to do.

We, therefore, find that the respondent's request for oral argument was, on its face, untimely and not in compliance with section 19(e). Accordingly, the circuit court erred in remanding the cause to the Commission for a hearing on the issue of oral arguments.

Though the claimant raises several additional issues on appeal, because of our resolution of the issue of timeliness under section 19(e) is dispositive, we do not address these issues.

Therefore, the judgment of the circuit court of Peoria County affirming the Commission's decision of March 17, 1982, is reversed. The decision of the Commission of September 18, 1980, is conformed.

Circuit court reversed.

SEIDENFELD, P.J., McNAMARA, WEBBER, and KASSERMAN, JJ., concur.