DON MEEKER, Plaintiff-Appellant, v. JAMES F. TULIS, JR., Defendant-Appellee.

Fifth District   No. 5—84—0802

Opinion filed July 1, 1985.

William E. Aulgur, of Eldorado, for appellant.

David Ulkus, of Fleming & Fleming, of O'Fallon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff Don Meeker commenced this action against defendant James F. Tulis, Jr., in the circuit court of St. Clair County, Meeker filing his complaint to enforce a contract between the parties for the sale of real estate. On Tulis' motion, the trial court dismissed Meeker's complaint with prejudice. Meeker appeals.

The facts are not disputed. Meeker, the seller, and Tulis, the buyer, entered into an installment sale contract with respect to cer-

tain improved real estate. Meeker alleged in his complaint that Tulis had failed to make installment payments per the contract and sought that Tulis be required to pay the balance due. Tulis answered, contending that Meeker's complaint should be dismissed because of Meeker's failure to comply with section 2 of "An Act relating to installment contracts to sell dwelling structures" (Ill. Rev. Stat. 1983, ch. 29, par. 8.22). In relevant part, said statute provides that any installment contract for the sale of a dwelling structure shall be voidable at the election of the buyer unless there is attached to the contract or incorporated therein a certificate of compliance, or in the absence of such a certificate (1) an express written warranty that no notice from any city, village or other governmental authority of a dwelling code violation which existed in the dwelling structure before the installment contract was executed had been received by the contract seller, his principal or his agent within 10 years of the date of execution of the installment contract, or (2) a list of such notices received, if any. The requirements of this statute cannot be waived by the buyer or seller. (Ill. Rev. Stat. 1983, ch. 29, par. 8.22.) It is undisputed that the statute applies to the instant circumstances and that Meeker failed to comply with said statute. So concluding, the trial court granted Tulis' motion to dismiss Meeker's complaint.

The sole issue in this appeal is Meeker's contention that the statute relied on by Tulis and the trial court is unconstitutional. Meeker maintains that the statute deprives sellers under installment real estate sales contracts of the property right to contract without due process of law.

■ The issue expressly raised necessarily implies the issue of whether enactment of the instant statute is within the limits of the State's police power. The basic rules applicable to that inquiry are discussed in *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758: Neither the fourteenth amendment nor any provision of the Illinois Constitution prevents the enactment of laws for the protection of the public health, safety, welfare or morals, and neither do they prohibit legislative classifications reasonably calculated to promote or serve such public interests. Rather, they invalidate only enactments that are arbitrary, unreasonable and unrelated to the public purpose sought to be attained, or those which, although reasonably designed to promote the public interest, effect classifications which have no reasonable basis and are therefore arbitrary. The reasonableness of a police regulation is not necessarily what is best but what is fairly appropriate under all circumstances; a classification which has some reasonable basis is not unconstitutional because it is

not made with mathematical nicety or because in practice it results in some inequality. The essential test is reasonableness, *i.e.*, whether the ends sought to be achieved are proper for invocation of the police power and whether the means utilized to achieve those ends are reasonable. A wide discretion is granted to the legislature to determine what the public interests require and what means are necessary for the promotion and protection of those interests. A presumption of constitutionality adheres to the acts of the legislature, and it is the burden of one assailing a statute to prove its unconstitutionality. *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 273, 391 N.E.2d 758, 762.

■ The purpose of the statute in question here is to force the seller to furnish information for the protection of the buyer as to the condition of the property he is buying without requiring that buyer to search the records or cause an inspection of the house for possible violations of municipal or county ordinances, as well as of other governmental dwelling authorities, such as State health and fire protection and environmental protection agencies. "Installment sales" are by their very nature susceptible to a greater degree of seller overreach than are traditional real estate sales. Unlike the traditional sale, there is no third-party bank or lending institution involved in the typical installment sale or purchase-money mortgage situation upon whose experience and self-interest a buyer can also rely for protection. (*Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 155, 446 N.E.2d 1217, 1220; see *Hettermann v. Weingart* (1983), 120 Ill. App. 3d 683, 690-91, 458 N.E.2d 616, 621-22.) This purpose is, in our view, eminently a proper one for the invocation of the State's police power, as a matter of concern regarding the public health, safety, welfare or morals.

■ Having concluded that the statute in question is directed to a constitutionally permissible purpose, we next consider whether the instant statute is a reasonable means to achieve that purpose. The means in question here is permitting the buyer, at his option, to declare void any nonconforming installment real estate sale contract. We believe the statute in question has not been shown by Meeker to be an unreasonable means to achieve the purpose above stated. The State always has the right under the police power to impose conditions on private contractors as long as it is necessary for the public good. An act of the legislature may thus be upheld even though it impinges on the activities of private parties to a contract. (*City of Evanston v. Create, Inc.* (1981), 85 Ill. 2d 101, 114, 421 N.E.2d 196, 202.) Under the police power, laws may constitutionally be enacted imposing new burdens on persons and property, and restricting personal rights of

enjoyment of property, where in the opinion of the legislature the public welfare demands it, *i.e.*, in general, all laws whereby one person is prohibited from using his liberty or property as to injure or endanger the liberty or property of another. (*Frorer v. People* (1892), 141 Ill. 171, 185, 31 N.E. 395, 399.) The instant statute does not prevent a buyer and seller from contracting; it merely regulates, for the public good, the manner in which it shall be done. Meeker is free to contract with Tulis or with anyone else for the sale of the real estate in question, subject, *inter alia*, to the requirements of the act in question.

Meeker argues that the act in question is arbitrary in that it is limited to installment contracts and excludes cash sales. In view of the apparent purpose of the statute, Meeker seems to imply that installment buyers and buyers for cash are equally susceptible to the evils sought to be avoided. Meeker has not shown this to be true, nor is such a proposition of obvious merit. One who purchases a dwelling for cash would normally be expected to have financial resources in excess of those of one who can only afford to buy on installments. Common sense tells us that the number of persons in the latter group will far exceed those in the former. Thus, a statute directed to installment purchases could be expected to address the vast majority of sales not involving a third-party lender. Moreover, the relative few potential buyers possessing sufficient resources to buy a dwelling for cash could be expected to have more bargaining leverage in negotiations with a seller as compared to one who can afford to buy on installments only, and potentially more financial expertise as well. Of course these general suppositions, while reasonable, will not hold true in all instances of cash purchases, but we would expect them to be more often true than not.

■ Accordingly, we believe that the legislative classification in question is not unconstitutional merely because installment buyers are treated differently from cash buyers. Though the legislative classification established may exclude certain persons more in need of assistance than those included, and though it could have been drawn to include such persons, there is no requirement that a statutory classification be accurate, scientific or harmonious so long as it is not arbitrary and will accomplish the legislative design. (*Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 123, 412 N.E.2d 151, 154.) Whether this statute is the best means to achieve the desired goal of the legislature is not a proper subject of judicial inquiry; it is enough that the statute bears a reasonable relationship to its intended purpose. (*Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 725-26, 425 N.E.2d 522, 525.) A statutory classifi-

cation will not be declared unconstitutional if any state of facts reasonably may be conceived to justify it. *Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 412 N.E.2d 151.

Meeker argues that the instant statute violates the due process clauses of our Federal and State constitutions in that a noncomplying seller is "conclusively presumed to be guilty of a dwelling code violation with no opportunity to show that he is innocent." However, under the statute, the seller has ample opportunity to rebut said "presumption" at the time of execution of the installment sales contract by expressly warranting the absence of dwelling code violations. Such opportunity is, in our view, sufficient to mitigate any due process implications in the instant statutory scheme based on lack of opportunity to demonstrate the condition of the dwelling. In any event, this court has indicated its doubt regarding the continued viability of the irrebuttable presumption doctrine. *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758.

We conclude that Meeker has not sustained his burden of proving the instant statute unconstitutional. As the judgment of the circuit court of St. Clair County is not challenged on any other ground, the judgment is affirmed.

Affirmed.

JONES, P.J., and HARRISON, J., concur.