MARIA DELNERO, Indiv. and as Special Adm'r of the Estate of Vito Delnero, Deceased, Plaintiff-Appellee, v. REGO INTERNATIONAL, INC., Defendant (Pargas of Willow Springs, Inc., Defendant-Appellant).

First District (5th Division)  No. 85—2588

Opinion filed April 16, 1987.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom, Gary T. Jansen, and Shaun McParland, of counsel), for appellant.

Ialongo & Meyer, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an interlocutory appeal by defendant Pargas of Willow Springs, Incorporated, brought pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), from an order of the circuit court of Cook County denying a motion to dismiss certain counts of plaintiff Delnero's complaint. Pargas contends those counts were barred by the statute of repose (Ill. Rev. Stat. 1985, ch. 110, par. 13—213). We reverse and remand with directions to dismiss those counts.

Plaintiff's decedent was injured when a liquid propane gas tank exploded, allegedly because of a faulty valve assembly attached to the tank. Plaintiff brought this action against defendant-appellant Pargas (the distributor of the tank) and against defendant Rego International, Inc. (the manufacturer of the valve). At issue before us are counts I, II, and V of the complaint, which were based on theories of strict liability as to both defendants. Pargas moved to dismiss those

counts based on the statute of repose, which provides in pertinent part:

> "Subject to [certain provisions not relevant here] no product liability action based on the doctrine of strict liability in tort shall be commenced *** within 12 years from the date of the first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff ***." (Ill. Rev. Stat. 1985, ch. 110, par. 13—213(b).)

The supporting affidavits and discovery material attached to the motion established that the propane tank in question was manufactured in 1948, the valve in question was manufactured in 1955, and Pargas purchased the tank prior to 1964. Because the tank was first sold more than 12 years prior to the date of the accident (December 11, 1982), Pargas maintained that plaintiff's strict liability counts were barred by the statute of repose.

Delnero contended in the circuit court, as she does in this court, that by filling the tank with liquid propane gas and selling the gas (using the cylinder only to deliver the gas), Pargas had in effect created a new product. The circuit court denied the motion to dismiss, apparently on that ground.

We find no merit to this contention. The complaint does not allege that the gas itself was defective or that Pargas modified the allegedly defective valve in any manner. The statute of repose clearly states that strict liability causes of action must be commenced within 10 years from the *first* sale, lease, or delivery to the *initial* user. Clearly the legislature recognized that a product may be sold, delivered, or leased more than once. The statute was intended to eliminate "the fundamental unfairness involved in imposing current legal and technical standards on products which were introduced into the stream of commerce more than ten years prior to the commencement of a given suit." (*Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 725, 425 N.E.2d 522, 524.) Thus the plain language of the statute, which we are bound to follow (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313), bars this cause of action, to the extent it is premised on strict liability, because it was commenced more than 10 years after the first sale of the product to its initial user. (Even assuming Pargas was the first user, Pargas purchased the tank prior to 1964, and the action was not brought until 1985.)

Our conclusion in this regard is supported by a judicial construction of a similar Indiana statute, which provides in pertinent part:

"[A]ny product liability action in which the theory of liability is negligence or strict liability in tort must be commenced within *** ten [10] years after the delivery of the product to the initial user or consumer ***." (Indiana Code Ann. sec. 33—1—1.5—5 (West Pocket Part 1986).)

In *Black v. Henry Pratt Co.* (7th Cir. 1985), 778 F.2d 1278, defects in the chain mechanism of a valve assembly connected to a blast furnace caused the deaths of six employees. The valve assembly was purchased more than 10 years before the accident, but certain replacement parts were furnished by defendants within the 10-year period. It was determined that the replacement parts were not defective and operated correctly during the accident. Based on these facts the court concluded that the Indiana statute barred any product liability action against the defendants. In so doing the court rejected the plaintiffs' contention that the sale of nondefective replacement parts should extend or toll the limitation period.

Based on the plain language of the Illinois statute of repose and the other authorities cited above, we find that defendant Pargas' sale of nondefective propane gas, contained in a tank with an allegedly defective valve assembly first purchased more than 10 years before the action was commenced, did not toll the 10-year statutory period for bringing actions based on strict liability in tort. Accordingly, the circuit court should have granted defendant Pargas' motion to dismiss those counts of the complaint based on strict liability.

The judgment of the circuit court is reversed and the cause remanded for entry of an order dismissing with prejudice counts I, II, and V of the complaint as they relate to defendant Pargas.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.