**Theresa TAYLOR and Larry L. Taylor,**

v.

**The RAYMOND CORPORATION, Defendant.**

**The RAYMOND CORPORATION, Third–Party Plaintiff,**

v.

**COTTER & COMPANY, Third–Party Defendant.**

No. 88 C 7376.

United States District Court, N.D. Illinois, E.D.

Sept. 7, 1989.

Joel H. Greenburg, Mark Szaflarski, Joel H. Greenburg, Ltd., Chicago, Ill., for Taylor.

William G. Beatty, Leah R. Cooper, Johnson, Cusack & Bell, Ltd., Brian W. Bell, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiffs Theresa Taylor and Larry Taylor bring this diversity suit against defendant Raymond Corporation seeking recovery under strict liability theories for injuries Theresa sustained on December 10, 1986, while operating a forklift truck designed and manufactured by the defendant. The defendant has moved for summary judgment on the grounds that the plaintiffs' claims are barred by the governing Illinois statute of repose. For the reasons set forth below, the motion will be granted.

### FACTS

The facts relevant to this motion are not in dispute. The plaintiffs are both Illinois

citizens. The defendant, a manufacturer of forklift trucks, is a citizen of New York with its principal place of business in that state. On February 25, 1976, the defendant sold a Model # 20 forklift truck to its distributor, Associated Material Handling Industries, and shipped the truck directly to Associated's customer, Cotter & Co. On December 10, 1986, Theresa, a Cotter employee, sustained serious injuries while operating the truck. Twenty months later, on August 25, 1988, Theresa and Larry filed a two-count complaint against the defendant, alleging strict product liability in both counts. The defendant has moved for summary judgment on the grounds that Ill.Rev.Stat.1987 ch. 110, ¶ 13–213 ("§ 13–213") bars the plaintiffs' claims.

## DISCUSSION

Section 13–213 (formerly Ill.Rev.Stat. 1979 ch. 83, ¶ 22.2) establishes periods of repose for product liability actions based on the doctrine of strict liability under Illinois law. Section 13–213(b) provides that, "[s]ubject to the provisions of subsections (c) and (d)," any such action must be commenced "within the applicable limitations period and, in any event, within 12 years from the date of the first sale, lease or delivery of possession by a seller or 10 years from the date of the first sale, lease or delivery of possession to its initial user, consumer or other non-seller, whichever period expires earlier...."[1] Section 13–213(c), in turn, provides that, when such an action is predicated on an alteration, modification or change in the product subsequent to the first sale to its initial user, the action must be commenced "within 10 years from the date such alteration, modification or change was made." Sec. 13–213(c)(2). Finally, § 13–213(d) provides that:

(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred....

Theresa's injury occurred on December 10, 1986, which was less than 12 years after the defendant first sold the truck (i.e., February 25, 1976), but more than 10 years after the truck's sale to Cotter, its initial user (also on February 25, 1976). According to the defendant, since § 13–213(b) provides that the period of repose expires at the *earlier* of 12 years from the first sale to anyone or 10 years from the first sale to an initial user, the plaintiffs' claims are barred.[2]

The plaintiffs, however, point to § 13–213(d). This subsection, the plaintiffs note, provides (with emphasis added) that when the injury occurs "within *any* of the periods provided by subsection (b) and paragraph (2) of subsection (c)," the period of repose extends two years from the date the plaintiff learns of his injury. Since Theresa's injury occurred within one of the periods provided by these subsections— specifically, within 12 years from the date of first sale—the plaintiffs argue that the period of repose did not expire until two years from the date Theresa learned of her

---

1. Section 12–213(b) provides in full:
    Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of the first sale, lease or delivery of possession by a seller or 10 years from the date of the first sale, lease or delivery of possession to its initial user, consumer or other nonseller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

2. Although the forklift truck apparently underwent some alterations in 1984, the court infers that these alterations played no part in Theresa's accident, since the plaintiffs do not contend that subsection (c) applies to this case.

injury—that is, on December 10, 1988. Since the plaintiffs filed suit in August, 1988, they contend that their claims are timely.

The defendant attacks the plaintiffs' reading of the statute on two fronts. The defendant first argues that subsection (d) only applies to injuries that are not immediately discoverable, and thus has no application to Theresa's injury. The defendant then argues that, even if subsection (d) does apply here, the "whichever period expires earlier" language of subsection (b) ("the Expiration Clause") establishes that a plaintiff receives the two-year extension of subsection (d) ("the Extension Clause") only if his injury occurs within the earlier of subsection (b)'s 10–year and 12–year alternative repose periods.

The defendant's first argument centers on a recent Illinois appellate court ruling, *Elliott v. Sears, Roebuck & Co.*, 173 Ill. App.3d 383, 123 Ill.Dec. 111, 527 N.E.2d 574 (4th Dist.1988), *appeal denied*, 123 Ill.2d 557, 128 Ill.Dec. 889, 535 N.E.2d 400 (1988). In that case, a radial saw was manufactured and sold to Sears in 1965. Sears sold the saw to its initial user in 1982. The next year, the plaintiff cut his hand while using the saw; the following year he filed suit. The defendant moved for summary judgment under § 13–213(b) on the grounds that the plaintiff commenced his action more than 12 years after the first sale. The plaintiff, in turn, argued that subsection (d) saved his claim because he had sustained the injury within ten years of the first sale to the initial user, and had filed suit within two years of his injury. The Illinois Appellate Court dodged this issue. It looked to the language of subsection (d) and concluded that this subsection only applies when "the injury is not immediately discoverable by the injured party." *Id.* at 394–95, 123 Ill.Dec. 111, 527 N.E.2d 574. Since the plaintiff knew that he was injured at the moment he cut his hand, the court held that he could not rely on subsection (d) at all. By the express terms of § 13–213(b), his action therefore was barred.

Section 13–213(d), however, says nothing about the immediate discoverability of an injury. The subsection provides that a plaintiff who sustains an injury within the repose periods provided by subsections (b) and (c) must file suit within two years from "the date on which [he] knew, or through the use of reasonable diligence should have known" of his injury. Nowhere does subsection (d) indicate that a plaintiff who sustains his injury within the repose period, and discovers his injury when he sustains it, cannot rely on the two-year extension.

*Elliott*'s reading of subsection (d) stems from the appellate court's belief that the sole purporse of this subsection was to engraft the so-called discovery rule onto the repose statute. *See id.* at 394–95, 123 Ill.Dec. 111, 527 N.E.2d 574 (citing Eldredge & Houlihan, "Limitations of Actions: Strict Liability in Tort—The Legislature Has Intervened," 67 Ill.B.J. 214 (1978). Under subsection (b), a plaintiff who sustains an injury within the repose period, but who cannot reasonably discover it before the period expires, loses his causes of action without any opportunity to pursue it. Subsection (d) prevents this from happening by giving him two years from the date he discovers the injury—even if the discovery takes place after the repose period expires—so long as he files suit within eight years of sustaining it. *See generally* Albers, "Statutes of Limitations in Illinois Strict Products Liability Suits," 74 Ill.B.J. 586, 589–90 (1986).

Yet, *Elliott* ignores another important aspect of subsection (d). The Illinois statute of limitations governing personal injury claims gives a plaintiff two years from the date of his injury to sue. Ill.Rev.Stat.1987 ch. 110, ¶ 13–202. Under § 13–213(b), however, a plaintiff who is injured shortly before the applicable repose period expires must commence his suit well before the two-year limitations period runs because, if he does not, the repose period will bar his claim. For example, a person injured the day before the repose period expires has just a single day to file suit before subsection (b) defeats his cause of action. The plain language of subsection (d) avoids this result: the subsection gives such a plaintiff

two years from the date of his injury in which to obtain an attorney, do the necessary preparation, and commence an action; in other words, it gives him back his two-year limitations period.[3] The manifest purpose of subsection (d) is to protect plaintiffs who are injured within the repose period but are unable to file suit before it expires. *Elliott* provides no explanation for distinguishing between plaintiffs who are unable to do so because they cannot discover their injuries in time, and those who are unable because they do not have sufficient time to act after sustaining their injuries.

As a federal court sitting in diversity, this court is not free to ignore *Elliott*, notwithstanding the apparent defect in its ruling. Were *Elliott* the only Illinois court to have spoken to this issue, this court would be compelled to follow it absent " 'persuasive date that the [Illinois Supreme Court] would decide otherwise.' " *Peeler v. Village of Kinston Mines*, 862 F.2d 135, 137 (7th Cir.1988) (quoting *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183–84, 85 L.Ed. 139 (1940)). This court lacks any such persuasive data, so it is fortunate that *Elliott* does not stand alone in addressing subsection (b)'s Extension Clause. In *Calumet Country Club v. Roberts Environmental Control Corp.*, 136 Ill.App.3d 610, 91 Ill.Dec. 267, 483 N.E.2d 613 (1st Dist. 1985), the appellate court held that § 13–213 barred the plaintiff's strict liability claim. In so holding, the court expressly stated that, because the plaintiff "must

have known of the property damage on the date it occurred, it thereafter had two years to bring a product liability action to recover for such damage." *Id.* at 614, 91 Ill.Dec. 267, 483 N.E.2d 613.

Although factually dissimilar to this case, *Calumet* establishes a split in the Illinois appellate courts regarding a proper reading of subsection (d). In light of this split, this court must employ its own judgment in determining which approach the Illinois Supreme Court likely would follow. When a plaintiff sustains an injury "within any of the periods provided by subsection (b) and paragraph (2) of subsection (c)," the plain language and clear purpose of subsection (d) provide that he has two years from the date he learns of his injury to commence his action, regardless of whether he learns of his injury at the time he sustains it. This court is convinced that the Illinois Supreme Court would read the statute this way. Accordingly, the plaintiffs here had two years to bring their action so long as Theresa sustained her injuries within the applicable repose period.

The remaining question, then, is the one *Elliott* declined to answer: What does subsection (d) mean by granting the two-year extension to plaintiffs who suffer injuries "within any of the periods provided by subsection (b) and paragraph (2) of subsection (c)"? As far as this court can tell, no Illinois or federal court has addressed this question; indeed, no court or commentator even has noted subsection (d)'s ambiguity on this score.[4] *See Hobby v. Johns–Man-*

---

3. In strict liability actions predicated on property damage, the plaintiff does not quite get back his whole limitations period. Under Ill.Rev. Stat. ch. 110, ¶ 13–205, the limitations period for such actions is five years. *See Edward Hines Lumber Co. v. Vulcan Materials Co.*, 669 F.Supp. 854, 857 (N.D.Ill.1987). Yet, § 13–213(d) does not distinguish between suits for personal injuries and suits for property damage, establishing instead a two-year extension for all such actions. Thus, a plaintiff who suffers property damage shortly before the repose period expires, and who would have five years to bring suit under § 13–205, *see American Family Insurance v. Village Pontiac GMC,* 182 Ill.App.3d 385, 388, 131 Ill.Dec. 484, 538 N.E.2d 859 (2 Dist. 1989), will have only two years under

§ 13–213(d) before the repose period bars his strict liability claims.

4. In *Thornton v. Mono Manufacturing Co.,* 99 Ill.App.3d 722, 54 Ill.Dec. 657, 425 N.E.2d 522 (2d Dist.1981), the plaintiff sustained an injury 10 years and 11 days after the product's sale to its initial user, and then filed suit within two years. The court held that subsection (b) barred his claims, and that subsection (d) did not save them. Although the defendant contends that this case supports its position, the case does no such thing. For the opinion does not even suggest that the manufacturer's first sale of the product occurred less than 12 years prior to the injury, and gives no hint that the plaintiff in that case made the same argument

*ville Sales Corp.*, 573 F.Supp. 53, 57–58 (N.D.Ill.1983) (discussing subsections (b) and (d) without noting subsection (d)'s ambiguity).

Read in isolation, the language of subsection (d) supports the plaintiffs' position. Section 13–213 establishes three repose periods: 12 years from the date of first sale; 10 years from the date of first sale to an initial user; and 10 years from the date of any modification or alteration to the product. Subsection (d) says that, when a plaintiff is injured within *any* of these repose periods, he has two years from the date he reasonably learns of his injury to file suit. Theresa suffered her injuries well within 12 years of the defendant's first sale of the forklift truck. If subsection (d) means what it says, then she had two years from the date of the accident to commence her action.

Yet, as the defendant points out, this reading of subsection (d)'s Extension Clause does violence to subsection (b)'s Expiration Clause. The latter provides that a plaintiff must commence his action within the *earlier* of (1) 12 years from the date of first sale, and (2) 10 years from the date of first sale to the initial user. If subsection (d) means what it says, then subsection (b) will not work this way: In many cases, including the instant one, a plaintiff injured after the expiration of the shorter of the two repose periods will still have a viable claim so long as his injury occurs within the longer of the two; in other words, the repose period effectively will expire not at the earlier of subsection (b)'s alternative dates, but instead at the later.

The defendant goes too far, however, when it argues that the plaintiffs' reading of the Extension Clause always would undermine the Expiration Clause. To see why, take the case of a plaintiff who purchases a radio-alarm clock on January 1, 1980 directly from the manufacturer. If the clock explodes and injures him on June 30, 1990, then subsection (d) will override subsection (b), since the former will give the plaintiff two years from this date to file suit—that is, until June 30, 1992—despite

the fact that the earlier of subsection (b)'s repose periods expired before the injury occurred, on January 1, 1990. Next suppose, however, that the clock explodes on June 30, 1987. Again, the earlier of subsection (b)'s repose periods expires on January 1, 1990, but this time subsection (d) does not interfere with subsection (b)'s operation since the two-year extension period expires first, on June 30, 1989: If the plaintiff does not file suit by January 1, 1990, subsection (b) will bar his claims.

The latter example proves nothing, of course, if the plaintiff's claims are predicated on personal injuries, for then the two-year statute of limitations will bar the plaintiff's claim on June 30, 1989, before subsection (b) even comes into play. If, however, the plaintiff's claims are for property damage, then subsection (b) does have independent meaning, for it will bar the plaintiff's claim on January 1, 1990, well before the five-year limitations period applicable to such claims expires. In short, there exist at least some cases for which subsection (b)'s Expiration Clause will provide the repose period even if subsection (d)'s Extension Clause means what the plaintiffs urge.

All this being said, this court firmly believes that subsection (d) does not mean precisely what it says. The expansion of strict liability in recent decades has shifted much of the liability for faultless injuries from the injured to the injurer. The Illinois legislature enacted § 13–213 in order to shift some of the burden back to the injured by establishing a date certain beyond which injuries resulting from a product will not give rise to strict liability claims. *See Delnero v. Rego International, Inc.*, 155 Ill.App.3d 702, 703, 108 Ill.Dec. 130, 508 N.E.2d 291 (1st Dist.1987); Minichello and Orpett, "Beat the Clock: The New Products Liability Statute of Limitations in Illinois," 67 Ill.B.J. 414, 414–16 (1979). Subsection (b) sets this date at the earlier of 12 years from the date of the manufacturer's first sale of the product or 10 years from the date of the product's first sale to an initial user, with subsection

about the meaning of the Extension Clause as    do the plaintiffs here.

(c) providing an exception only when the product is altered and the cause of action arises out of this alteration.

The plaintiffs' proposed construction of § 13–213(d) would undermine this framework. A manufacturer's potential liability for its product would depend not only on the date of the first sale, but also on the date of the first sale to its initial user, a date over which the manufacturer frequently possesses neither knowledge nor control. As the facts of *Elliott* demonstrate, this liability could extend decades beyond the former date.

As discussed above, subsection (d) was designed to protect a plaintiff whose injury occurs within the applicable repose period but who cannot commence suit until after it expires. Nothing in this subsection suggests that the Illinois legislature intended it to undo the structure of § 13–213's other provisions. Although the use of the word "any" surely creates an ambiguity, the fairest reading of the Extension Clause in the context of the statute as a whole indicates that it meant only to grant the two-year extension to plaintiffs injured within the applicable repose period established by subsections (b) and (c).

Accordingly, the court rules that, in order for the plaintiffs to take advantage of subsection (d)'s two-year extension, Theresa must have sustained her injuries within the earlier of 12 years from the date of the first sale of the forklift and 10 years from the date of the first sale of the forklift to its initial user. Since her accident occurred more than 10 years after the defendant sold the forklift to Cotter, the plaintiffs cannot rely on subsection (d). Subsection (b) thus bars their claims.

## CONCLUSION

The defendant's motion for summary judgment is granted. Judgment is entered for the defendant and against the plaintiffs.