BOBBIE THOMAS, Plaintiff-Appellant, v. UNIQUE FOOD EQUIPMENT, INC., d/b/a Hollymatic Sales and Service, Defendant-Appellee (Hollymatic Corporation, Defendant).

First District (1st Division)   No. 1—88—1057

Opinion filed April 17, 1989.

Michael D. Gerstein, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Glenn F. Fencl, Kathryn A. Spalding, and Joseph A. Spitzzeri, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Bobbie Thomas brought an action alleging strict products liability and negligence against the manufacturer of a meat grinder, Hollymatic Corporation, not party to this appeal, and distributor Unique Food Equipment, Inc. (Unique). The strict liability claim was dismissed due to expiration of the statute of limitations. For the reasons below, we affirm.

On September 4, 1969, Thomas' employer, the Chicago board of education, purchased a meat-grinding machine from Unique. On March 30, 1984, Thomas was injured while using the machine. Thomas filed a complaint for a bill of discovery against the board of education and learned that the machine had been manufactured by Hollymatic Corporation. Thomas dismissed the school board and named Unique and Hollymatic as defendants. Subsequently, Thomas filed amended complaints alleging strict products liability and negligence against both defendants.

On March 29, 1988, the trial court dismissed the strict liability count of the fourth amended complaint pursuant to the applicable statute of limitations, section 13—213(b) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(b)), which bars product liability actions beyond 10 years from the date of first sale to the initial user. The trial court also found substantial grounds for difference of opinion regarding the question whether section 2—621(b)(1) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—621(b)(1)) created a statutory exception to section 13—213(b), and certified Thomas' appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308).

Section 13—213(b) states:

> "Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period." Ill. Rev. Stat. 1987, ch. 110, par. 13—213(b).

Section 2—621 states in relevant part:

> "Product liability actions. (a) In any product liability action

based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. The commencement of a product liability action based in whole or in part on the doctrine of strict liability in tort against such defendant or defendants shall toll the applicable statute of limitation and statute of repose relative to the defendant or defendants for purposes of asserting a strict liability in tort cause of action.

(b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have ·or are required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. Due diligence shall be exercised by the certifying defendant or defendants in providing the plaintiff with the correct identity of the manufacturer or manufacturers, and due diligence shall be exercised by the plaintiff in filing an action and obtaining jurisdiction over the manufacturer or manufacturers.

The plaintiff may at any time subsequent to the dismissal move to vacate the order of dismissal and reinstate the certifying defendant or defendants, provided plaintiff can show one or more of the following:

(1) That the applicable period of statute of limitation or statute of repose bars the assertion of a strict liability in tort cause of action against the manufacturer or manufacturers of the product allegedly causing the injury, death or damage; or

\* \* \*

(d) Nothing contained in this Section shall be construed to grant a cause of action in strict liability in tort or any other legal theory, or to affect the right of any person to seek and obtain indemnity or contribution." Ill. Rev. Stat. 1987, ch. 110, par. 2—621.

Thomas' claim arose when she was injured in 1984, 15 years after the Hollymatic machine was sold to the board of education and placed in service. Section 13—213(b) therefore bars Thomas' products liability claim. But Thomas argues that section 2—621(b)(1) creates an exception allowing strict products liability actions to proceed against

nonmanufacturing defendants, such as Unique, where the limitations period has expired with respect to the manufacturer. We disagree.

■ Section 13—213(b) states that *"no* product liability action *** shall be commenced except within *** 10 years from the date of first sale, lease or delivery to its initial user."* (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(b).) Thomas' proposed interpretation requires finding an exception to section 13—213(b) in section 2—621(b)(1). The time limits for filing an action are governed by the applicable statutes of limitations alone, however, and are not affected by other statutes. (See *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706, *appeal denied* (1987), 117 Ill. 2d 543.) Further, to maintain a strict products liability action under section 2—621(b)(1) where the statute of limitations has expired, it would be necessary to find in section 2—621 some basis for the cause of action regardless of the statute of limitations. Section 2—621(d) states, however, that "[n]othing contained in this Section shall be construed to grant a cause of action in strict liability in tort or any other legal theory." (See also *Sims v. Teepak, Inc.* (1986), 143 Ill. App. 3d 865, 871, 493 N.E.2d 721.) If section 2—621(b)(1) provided a basis for liability without regard to the statute of limitations, then neither section 2—621(d) nor section 13—213(b) would have any practical effect. We therefore hold that no product liability action may be brought or maintained, except within the time period provided by the applicable statute of limitations or statute of repose, and without reference to the provisions of other statutes.

■ Under section 2—621(a), a strict liability action brought against nonmanufacturing defendants requires those defendants to identify the manufacturer of the unsafe or defective product. Identifying the manufacturer tolls the statutes of limitations and repose with respect to the nonmanufacturing defendants. Section 2—621(b) provides that once a complaint is filed against the manufacturer, the non-manufacturing defendants may be dismissed. Section 2—621(b)(1) provides that dismissal of the nonmanufacturer may be vacated where the plaintiff can show that the applicable statute of limitations or statute of repose bars action against the manufacturer. Section 2—621(b)(1), read with the tolling provision of section 2—621(a), contemplates a situation where the action against the nonmanufacturer was filed within the limitations period, but the action against the manufacturer was filed after the limitations period expired. Vacating the dismissal of the nonmanufacturing defendants is possible because the statute of limitations was tolled.

■ Even if Thomas' products liability claim was allowed to pro-

ceed, she could maintain an action against neither Unique nor Hollymatic. Thomas brought her original claim against the Chicago board of education more than 10 years after the sale to the board of education. The board identified the manufacturer, Hollymatic, and was dismissed. Clearly, the statute of limitations had expired with respect to the manufacturer before Thomas' action was filed against the board. Thomas, according to the interpretation urged, would not have an action against Unique, however, because the board was the certifying defendant. Instead, Thomas would face the absurd result of a products liability action against the board, ultimate consumer of the product. This assumes, however, that dismissal could be vacated where the case was originally filed after the statute of limitations ran, leaving no statute of limitations or repose left to toll. The difficulties inherent in Thomas' proposed interpretation are apparent. Further, Thomas' proposed interpretation might allow a plaintiff to maintain a products liability action after the statute of limitations had expired, even where the manufacturer was known, simply by naming a nonmanufacturing defendant.

In contrast to Thomas' proposed interpretation, section 2—621 provides a mechanism by which a plaintiff may reach the manufacturer of a defective or dangerous product, but allows the action to proceed against nonmanufacturing defendants that were previously dismissed, if the manufacturers cannot be identified or sued within the statute of limitations. Section 2—621 thus ensures that the burden of loss due to a defective or dangerous product remains on those who placed the product in the stream of commerce. But no part of section 2—621 allows an action that is not filed within the time allotted by the statute of limitations. Read in context, section 2—621(b)(1) states one of five circumstances in which dismissal of certain parties may be vacated and creates no exception to the statute of limitations.

Thomas' proposed interpretation forces section 2—621(b)(1) to be read out of context and defeats the purpose of section 13—213(b), an unacceptable result where a different, reasonable interpretation of the two statutes serves the purposes of both statutes and follows their plain language. We therefore hold that section 2—621(b)(1) creates no exception to section 13—213; Thomas' products liability count was barred by the statute of limitations, and accordingly, dismissal of the count is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.