RAFAEL GARZA, SR., Plaintiff-Appellant, v. NAVISTAR INTERNA-
TIONAL TRANSPORTATION CORPORATION *et al.*, Defendants-Appellees
(Howell Tractor and Equipment Company, Inc., *et al.*, Defendants).

First District (3rd Division)    No. 1—91—2840

Opinion filed December 30, 1994.—Rehearing denied May 18, 1995.

James J. Reidy and Margaret M. O'Leary, both of Chicago, for appellant.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Francis A. Spina, of counsel), for Howell Tractor and Equipment Company, Inc.

Arnstein & Lehr, of Chicago, Louis A. Lehr, Jr., Arthur L. Klein, and John T. Wagener, of Chicago, for Navistar International Transportation Corporation.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Rafael Garza, Sr., brought this action against several defendants, including Navistar International Transportation Corp. (Navistar) and Howell Tractor and Equipment Co. (Howell), to recover damages for personal injuries allegedly sustained in a construction accident involving a front-end loader/payloader (machine) manufactured by defendant Navistar and leased from defendant Howell by plaintiff's employer. Plaintiff's complaint contained claims based upon negligence, the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*), and strict product liability. The trial court held that the strict liability claims against defendants Howell and Navistar were barred by the repose provisions in section 13—213 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—213), and thereafter denied plaintiff's motion to vacate and reconsider the dismissal order. Plaintiff appeals the denial of his motion for reconsideration. We affirm in part, reverse in part and remand.

The issues for review by this court are (1) whether this court has jurisdiction to review the dismissal of plaintiff's strict liability claim against defendant Howell; and (2) whether the trial court properly dismissed the strict liability claims against defendants Navistar and Howell pursuant to the repose provisions set forth in section 13—213 of the Code (statute of repose) (Ill. Rev. Stat. 1989, ch. 110, par. 13—213).

This action arose from an accident which occurred on May 9, 1989. Plaintiff, by his complaint, alleges that he was employed by Loring Construction Co., Inc. (Loring), at that time, and that in the course of his employment he sustained personal injuries when he was struck by a machine manufactured by defendant Navistar and leased from defendant Howell. It is undisputed that defendant Navistar sold the machine to defendant Howell on November 22, 1977, and that defendant Howell first leased the machine to its initial user, Loring, plaintiff's employer, on September 21, 1978. Plaintiff filed this action against defendant Navistar on May 17, 1989, and he amended his complaint and added Howell as a defendant on January 4, 1990.

Count I, based upon the doctrine of strict product liability, alleges that the machine was unreasonably dangerous and defective

when it left defendant Navistar's possession and control. In count VII, plaintiff alleges that defendant Howell was liable under the theory of strict liability because it was the lessor of the machine.

Defendants Howell and Navistar filed motions to dismiss counts I and VII, which were granted. The trial court held that the claims were contrary to the express language and clear intent of the statute of repose (Ill. Rev. Stat. 1989, ch. 110, par. 13—213).

Plaintiff subsequently filed a fourth amended complaint wherein he added Envirodyne Engineering, Inc., as a defendant and he repleaded the strict liability claims against defendant Navistar in count I and against defendant Howell in count III.

Defendants again filed motions to dismiss the strict liability claims, and said claims were again dismissed on April 25, 1991. Plaintiff filed a motion to vacate and reconsider the April 25, 1991, judgment but the motion was denied. Plaintiff appeals the July 23, 1991, order denying his motion to vacate and reconsider.

On appeal, defendant Howell contends that this court does not have jurisdiction to review the dismissal of plaintiff's strict liability claim against it, because plaintiff filed a motion to reconsider the court's April 1991 order dismissing count VII of the third amended complaint after he filed the fourth amended complaint and that by filing the fourth amended complaint, plaintiff waived his right to appeal the April 1991 dismissal order.

■ As a general rule, an amendment to a pleading which is complete in itself and which makes no reference to the prior pleading supersedes the original pleading and the original pleading ceases to be part of the record, as it was in effect abandoned or withdrawn. A plaintiff is entitled to review, however, where he does not demonstrate any intent to abandon his initial claim against a defendant. Such an intent is evidenced by the fact that the amended complaint is fundamentally the same as the original or previous complaint with the exception of the changed limitations. *Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App. 3d 991, 994, 376 N.E.2d 660, 662-63.

■ In the present case, plaintiff never demonstrated an intent to abandon his initial claim against defendants. This is evidenced by the fact that counts I and III of plaintiff's fourth amended complaint are fundamentally the same as counts I and VII of the third amended complaint. There was no change in plaintiff's factual allegations or legal theory. It appears from the record that the primary purpose of the fourth amended complaint was to add Envirodyne Engineering, Inc., as a defendant. Accordingly, this court has jurisdiction to review the dismissal of plaintiff's strict liability claim against defendants.

Next, plaintiff contends that the trial court erred in dismissing his strict liability claims against defendants essentially because he

may rely upon either the 12-year repose period or the 10-year repose period, whichever is more favorable to him. In the alternative, plaintiff suggests that section 13—213(d) creates a special products liability limitations provision which allows him to pursue a products liability claim within two years from the date of injury regardless of a repose bar. Defendants both maintain that the trial court's dismissal of plaintiff's strict liability claims against them was proper and should be affirmed because the claims were barred by the 10-year statute of repose provision.

We hold that the statute of repose does not bar plaintiff's claim against defendant Navistar, but it does bar plaintiff's claim against Howell.

■ The statute of repose provides in relevant part:

"(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

(c) No product liability action based on the doctrine of strict liability in tort to recover for injury or damage claimed to have resulted from an alteration, modification or change of the product unit subsequent to the date of first sale, lease or delivery of possession of the product unit to its initial user, consumer or other non-seller shall be limited or barred by subsection (b) hereof if:
***

(2) the action commenced within the applicable limitation period and, in any event, within 10 years from the date such alteration, modification or change was made, unless defendant expressly has warranted or promised the product for a longer period and the action is brought within that period[.]
***

(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred.

In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, (i) under the age of 18 years, (ii) under legal disability, or (iii) is imprisoned on a criminal charge and the claim is not against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections, then the period of limitations does not begin to run until (i) the person attains the age of 18 years, (ii) the disability is removed, or (iii) the person ceases to be imprisoned." Ill. Rev. Stat. 1989, ch. 110, pars. 13—213(b), (c), (d).

Subsection (b) of the statute of repose mandates that the 12-year provision applies to manufacturers (see *Thomas v. Unique Food Equipment, Inc.* (1989), 182 Ill. App. 3d 278, 280-81, 537 N.E.2d 1375, 1377; *Elliot v. Sears, Roebuck & Co.* (1988), 173 Ill. App. 3d 383, 394-95, 527 N.E.2d 574, 581), while the 10-year provision in subsection (c)(2) applies to retailers and initial purchasers who lease equipment to initial users (see *Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 253-54, 571 N.E.2d 1107, 1114; *Thomas*, 132 Ill. App. 3d at 280-81, 537 N.E.2d at 581; *Erdie v. Central Illinois Public Service Co.* (1988), 175 Ill. App. 3d 1050, 1051-53, 530 N.E.2d 514, 515-16). The 10-year provision applies only to retailers and lessors but not to manufacturers. If the 10-year provision were applicable to manufacturers, "[a] manufacturer's potential liability for its product would depend not only upon the date of the first sale, but also on the date of the first sale to its initial user, a date over which the manufacturer frequently possesses neither knowledge nor control[,] *** [and] this liability could extend decades beyond the former date." (*Taylor v. Raymond Corp.* (N.D. Ill. 1989), 719 F. Supp. 738, 743, *aff'd* (7th Cir. 1990), 909 F.2d 225.) Subsection (d) applies to retailers: A plaintiff either 10 years from the date a product was sold to him to file a strict liability action against a retailer, or 12 years from the date the product was sold to the retailer to file such an action, whichever period expires sooner.

█ The machine was sold to Howell by defendant Navistar on November 22, 1977. Plaintiff was injured on May 9, 1989. Plaintiff filed suit against Navistar on May 17, 1989. The 12-year repose period relevant to defendant Navistar expired on November 22, 1989. Therefore, the trial court erred when it held that plaintiff's strict liability action against defendant Navistar was barred by section 13—213. The 10-year repose period relevant to plaintiff's claim against Howell had expired, however, before plaintiff filed suit against Howell. The machine was first leased by Howell to Loring on September 21, 1978. The 10-year repose period governing plaintiff's eligibility to

file suit against Howell expired on September 21, 1988, 10 years after the machine was sold by defendant Navistar to Howell and 15 months before plaintiff filed his strict liability claim against Howell on January 4, 1990.

For the above reasons, we affirm the trial court's denial of plaintiff's motion to vacate and reconsider its order dismissing the strict liability claim against defendant Howell, but we reverse the trial court's denial of plaintiff's motion to vacate and reconsider the dismissal of plaintiff's strict liability claim against defendant Navistar, and we remand this cause for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

TULLY, P.J., and CERDA, J., concur.