(No. 79293.—

RAFAEL GARZA, SR., Appellee, v. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION *et al.* (Navistar International Transportation Corporation, Appellant).

*Opinion filed May 23, 1996.*

374

BILANDIC, C.J., took no part.

Arnstein & Lehr, of Chicago (Louis A. Lehr, Jr., Arthur L. Klein and John T. Wagener, of counsel), for appellant.

James J. Reidy, Ltd., of Chicago (James J. Reidy and Margaret M. O'Leary, of counsel), for appellee.

Hugh C. Griffin, of Lord, Bissell & Brook, of Chicago (Hugh F. Young, Jr., of Reston, Virginia, of counsel), for *amicus curiae* The Product Liability Advisory Council, Inc.

Mark S. Killion, of Springfield, for *amicus curiae* The Illinois Manufacturers' Ass'n.

JUSTICE HARRISON delivered the opinion of the court:

In this appeal, we are asked to decide whether the statute of repose governing product liability actions (Ill. Rev. Stat. 1989, ch. 110, par. 13—213) barred plaintiff's strict liability claim against defendant Navistar International Transportation Corporation, the manufacturer of the product. Plaintiff, Rafael Garza, Sr. (Garza), filed a multicount lawsuit against several defendants to recover damages for personal injuries he received in a construction accident. Defendants, Navistar International Transportation Corporation (Navistar) and Howell Tractor & Equipment Company (Howell), moved to dismiss the strict liability claims against them. The trial court granted Navistar and Howell's motions to dismiss the strict liability claims, finding that the statute of repose (Ill. Rev. Stat. 1989, ch. 110, par. 13—213) barred the claims. The appellate court affirmed the dismissal of the strict liability claim against Howell, but reversed

the dismissal of the strict liability claim against Navistar. 271 Ill. App. 3d 1082. We allowed Navistar's petition for leave to appeal. 155 Ill. 2d R. 315. For the reasons which follow, we reverse the appellate court's judgment and affirm the judgment of the circuit court.

The facts of this case reveal that Garza was seriously injured while working as a laborer for the third-party defendant, Lorig Construction Company, on May 9, 1989. A Dresser Payloader, which was being operated by a co-worker, struck Garza, pinning him against a wall. The "Dresser Payloader, No. 530" was manufactured by International Harvester Company, now known as Navistar. It is undisputed that Navistar first sold the "Dresser Payloader, No. 530" to Howell, the distributor-lessor, on November 22, 1977. Howell first leased the machine to its initial user, Lorig Construction Company, plaintiff's employer, on September 21, 1978.

Garza filed this action against defendant Navistar on May 17, 1989. On January 4, 1990, plaintiff amended the complaint and added Howell as a defendant. Garza's complaint contained claims based upon negligence, the Structural Work Act, and strict product liability. With regard to the strict liability claims, Garza alleged that the Dresser Payloader was unreasonably dangerous and defective when it left the possession and control of Navistar, the manufacturer, and Howell, the distributor-lessor. As stated, defendants Navistar and Howell filed motions to dismiss the strict liability claims brought against them. The trial court granted the motions to dismiss finding that Garza's strict liability claims were barred by the repose statute. Ill. Rev. Stat. 1989, ch. 110, par. 13—213. The trial court held that the claims against both defendants were barred by the 10-year repose provision because the product liability action was commenced more than 10 years after the Dresser Payloader was first leased to its initial user, Lorig Construc-

tion Company, and that this 10-year repose period "expired earlier" than the 12-year repose period. See Ill. Rev. Stat. 1989, ch. 110, par. 13—213(b). The trial court further denied Garza's motion for reconsideration.

The appellate court affirmed the dismissal of Garza's strict liability claim against Howell, but reversed the dismissal of the claim against Navistar. 271 Ill. App. 3d 1082. The appellate court held, *sua sponte*, that section 13—213(b) mandates that the 12-year repose provision applies exclusively to manufacturers, while the 10-year repose provision applies to lessors and distributors. 271 Ill. App. 3d at 1086. According to the appellate court, Garza timely filed his suit against Navistar on May 17, 1989, within 12 years from the November 22, 1977, date on which Navistar first sold the Dresser Payloader to Howell. 271 Ill. App. 3d at 1086.

Navistar contends that the appellate court improperly made the length of the repose period dependent upon whether a defendant is a manufacturer or a distributor-lessor. Navistar further notes that in establishing the repose period, section 13—213(b) never makes a distinction between the various categories of sellers against whom a product liability action may be brought. Navistar also claims that the 10-year repose period clearly "expired earlier," and if it were properly applied, plaintiff's claims against both Navistar and Howell would be barred.

We agree with defendant Navistar. There is no language in section 13—213(b) which mandates that the 12-year repose provision applies to manufacturers and that the 10-year provision applies to retailers and lessors, as the appellate court suggests. The appellate court's reasoning may be correct under the version of section 13—213(b) which it cites in its opinion. However, in the version of section 13—213(b) included in the appellate opinion, the court misquoted the statute, omit-

ting all reference to the 10-year provision and referring only to the 12-year provision. 271 Ill. App. 3d at 1085. The complete text of section 13—213(b) mandates a different conclusion than that reached by the appellate court. Section 13—213(b) outlines both the 10-year and 12-year repose periods and provides that:

> "(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession *by a seller or 10 years from the date of first sale, lease or delivery of possession* to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 13—213(b).

The appellate court left out the language from section 13—213(b) which states "by a seller or 10 years from the date of first sale, lease or delivery of possession." 271 Ill. App. 3d at 1085. Without this portion of the text, the "whichever period expires earlier" language is rendered meaningless. Instead of comparing the two time periods to determine which one served to extinguish the claim, the appellate court omitted all reference to the 10-year period, and concluded *sua sponte* that only the 12-year period could apply to manufacturers. We will examine the full text of section 13—213(b) and apply it to the facts in the present case.

Where the language of a statute is clear and unambiguous, a court must give it effect as written, without "reading into it exceptions, limitations or conditions that the legislature did not express." *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.,* 158 Ill. 2d 76, 83 (1994). The plain language of section 13—213(b) states that a product liability action must be

filed, not only within the statute of limitations, but also within 12 years of the date the product is first sold, leased, or delivered, or 10 years from the date it was first sold, leased, or delivered to the initial user or consumer, whichever period expires earlier. The product liability repose statute makes no distinction between the various manufacturers, distributors, lessors, and other categories of sellers within the distributive chain. Moreover, the various terms defined in the statute establish that the repose period outlined in section 13—213(b) applies uniformly to all defendants against whom a product liability action may be brought.

Section 13—213(a) defines various terms used in the statute. The relevant portions provide:

"(a) As used in this Section, the term:

\* \* \*

(3) 'product liability action' means any action based on the doctrine of strict liability in tort brought against the seller of a product on account of personal injury, (including illness, disease, disability and death) or property, economic or other damage \*\*\*." Ill. Rev. Stat. 1989, ch. 110, par. 13—213(a)(3).

"(4) 'seller' means one who, in the course of a business conducted for the purpose, sells, distributes, leases, assembles, installs, produces, manufactures, fabricates, prepares, constructs, packages, labels, markets, repairs, maintains, or otherwise is involved in placing a product in the stream of commerce." Ill. Rev. Stat. 1989, ch. 110, par. 13—213(a)(4).

It is well established that when a statute defines the very terms it uses, "those terms must be construed according to the definitions contained in the act." *People ex rel. Scott v. Schwulst Building Center, Inc.*, 89 Ill. 2d 365, 371 (1982). Section 13—213(a)(3) defines a "product liability action" as any action based on the doctrine of strict liability in tort brought against the "seller" of a product. The repose statute goes on to define "seller" in section 13—213(a)(4) as one who, "in the course of a

business conducted for the purpose, sells, distributes, leases, assembles, installs, produces, *manufactures*" a product. (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 13—213(a)(4). The statute states in section 13—213(b) that a "product liability action," which is defined as a strict liability action against a "seller," must be commenced within the shorter of the two repose periods. When the legislature outlined the repose periods for "product liability actions," it was referring to actions against all categories of "sellers" within the chain of distribution, including manufacturers. Therefore, when section 13—213(b) is read in conjunction with these definitions, it is apparent that the earlier of the 10- or 12-year repose periods is to be applied in all product liability actions brought against any type of seller defined in section 13—213(a)(4).

In the present case, Navistar manufactured the Dresser Payloader and Howell leased it to Lorig Construction, its initial user. Both of these categories, manufacturers and distributor-lessors, are encompassed in the definition of a "seller" provided in section 13—213(a)(4). Therefore, the earlier of the 10- or 12-year repose periods, referenced in section 13—213(b), is to be applied to determine whether Garza's product liability claims were timely filed against both Navistar and Howell. The 12-year repose period begins to run from the date of first sale, lease, or delivery. In this case, the critical date was November 22, 1977, when the Dresser Payloader was sold for the first time by Navistar to Howell. The 12 years expired on November 22, 1989. The 10-year repose period begins to run from the date the product is first sold or leased to its initial user. Howell first leased the Dresser Payloader to its initial user, Lorig Construction Company, on September 21, 1978. Accordingly, the 10-year repose period began to run on September 21, 1978, and expired on September 21, 1988.

Clearly, the 10-year repose period "expired earlier" than the 12-year repose period. Therefore, under section 13—213(b), any product liability action against both Navistar and Howell had to be brought no later than September 21, 1988, the date the 10-year repose period expired. Garza's injuries took place on May 9, 1989, and he did not file his product liability action until May 17, 1989, several months after the period of repose had expired. We hold that section 13—213 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—213), the statute of repose for product liability actions, barred Garza's claims against both Navistar and Howell.

Other appellate court panels faced with interpreting section 13—213(b) have reached the same conclusion. The 10-year repose period was applied to bar a claim against the manufacturer of the product in *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242 (1991), an action involving the same manufacturer as the present case. In *Gardner*, there was testimony that the product at issue, a gas cap manufactured by Navistar, was acquired by the initial consumer at least 10 years prior to the accident in question. The court held that section 13—213(b) barred plaintiff's claim against Navistar, reasoning that "[t]he legislature has determined that an action asserting strict products liability must be brought within 10 years of acquiring the product or the cause of action will be barred." See *Gardner*, 213 Ill. App. 3d at 253.

Similarly, in *Thomas v. Unique Food Equipment, Inc.*, 182 Ill. App. 3d 278 (1989), the court recognized that the 10-year repose provision applied to both manufacturers and distributors. In *Thomas*, the court held that plaintiff's claims against both the product manufacturer and distributor were barred, because they were brought more than 10 years after the sale of the

product to the board of education, plaintiff's employer, and the initial user of the product. See *Thomas*, 182 Ill. App. 3d at 280-82.

Finally, in *Elliott v. Sears, Roebuck & Co.*, 173 Ill. App. 3d 383 (1988), the plaintiff was injured and the cause of action was brought more than 12 years after the manufacturer sold the product to the defendant-retailer, but less than 10 years after the retailer sold the product to the initial consumer. The court held that section 13—213(b) barred plaintiff's claim because an action must be brought within 12 years from the first sale, by a seller including a manufacturer, or within 10 years of first sale to the initial user, "whichever period expires earlier." *Elliott*, 173 Ill. App. 3d at 394. In *Elliott*, the court further reasoned that "if either of the 10- or 12-year periods has expired, then the action cannot be brought." *Elliott*, 173 Ill. App. 3d at 394.

The reasoning in these cases is consistent with our interpretation of section 13—213. Clearly, there is nothing in section 13—213(b) to indicate that the 12-year repose period applies only to manufacturers and that the 10-year period applies to retailers and lessors. If one of these repose periods has expired prior to a product liability claim being brought, then the action is barred against all categories of sellers, as defined in section 13—213(a)(4).

In his brief before this court, Garza contends, for the first time, that Navistar's interpretation of the product liability statute of repose may render it unconstitutional because it extinguished his right to bring a cause of action before it even accrued. He argues that applying alternate repose periods to extinguish claims does not treat potential plaintiffs fairly. Garza states that such repose periods allow courts to bar a product liability claim against one seller based upon the date other sellers in the distribution chain may release the product.

Specifically, Garza claims that a potential plaintiff, such as himself, who sustains an injury more than 10, but less than 12 years after a product is placed in the stream of commerce, is unfairly deprived of his right to bring suit against the product's manufacturer or other distributors.

Lower courts have rejected constitutional challenges to the statute of repose for product liability actions based on these same grounds. See *Thornton v. Mono Manufacturing Co.*, 99 Ill. App. 3d 722, 724-28 (1981); *Delnick v. Outboard Marine Corp.*, 197 Ill. App. 3d 770, 780-81 (1990). In *Thornton*, the court reasoned that the purpose of these repose periods is to extinguish a potential plaintiff's right to bring a cause of action beyond a specified date, regardless of whether or not the action has accrued before the repose period expires. See *Thornton*, 99 Ill. App. 3d at 726. However, we need not consider the merit of these constitutional issues raised by Garza because he presented them for the first time in his brief to this court. This court has determined that "[w]here the appellant in the appellate court fails to raise an issue in that court, this court will not address it." *Hammond v. North American Asbestos Corp.*, 97 Ill. 2d 195, 209 (1983). Here, Garza, the appellant in the appellate court, failed to raise these constitutional issues before that court. The issue was therefore waived.

Finally, Garza contends that even if this court determines that the 10-year repose period provided in section 13—213(b) applied to Navistar, section 13—213(d) extended the period of repose two years from the date he knew of his injury. Garza argues that under section 13—213(d), he had two years from the date he suffered his injuries to file his product liability claim against Navistar. Section 13—213(d) provides a "discovery" rule:

"(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained

of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." Ill. Rev. Stat. 1989, ch. 110, par. 13—213(d).

Garza argues that since his injuries occurred within one of the periods of repose provided in section 13—213(b), that is, within 12 years from the date Navistar first sold the Dresser Payloader to Howell, his claim could be brought within two years of the date he knew of his injuries. Garza notes that he timely filed his claim against Navistar on May 17, 1989, within eight days after the accident.

In contrast, Navistar contends that it is not enough for a potential plaintiff's injury to have occurred within either the 10-year or the 12-year repose provision to invoke section 13—213(d). But rather, according to Navistar, a plaintiff's injuries must take place within the earlier of the two repose periods to extend their time for filing a claim to two years after the date of injury.

We agree. Section 13—213(d) does not apply in this case because Garza's injuries did not occur within the repose period provided in section 13—213(b). The language in section 13—213(d) which states "if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c)" must be interpreted as referring to whichever repose period expired earlier, as provided in section 13—213(b), and the period provided for in subsection (c). Since only one of the time periods from subsection (b) will apply in each case, section 13—213(b) only provides for one period of repose. To determine which of the periods applies, section 13—213(b) directs us to examine the facts and calculate which period expires earlier. We

have firmly established that only the shorter of these two periods will serve to extinguish a claim. Therefore, when subsection (d) states any period provided in subsection (b), it means whichever of the 10- or 12-year provisions will act as the period of repose.

Furthermore, our holding is consistent with the court's reasoning in *Taylor v. Raymond Corp.*, 719 F. Supp. 738 (N.D. Ill. 1989), *aff'd*, 909 F.2d 225 (7th Cir. 1990), a federal court sitting in diversity, applying Illinois product liability law. As in the present case, in *Taylor*, the plaintiff's injuries occurred less than 12 years after the defendant first sold the product, but more than 10 years after it was sold to its initial user. The plaintiff in *Taylor* argued that since her injuries occurred within one of the periods provided in section 13—213(b), section 13—213(d) applied and extended her period for filing a claim to two years from the date she knew of her injury. The court in *Taylor* determined that in order for the plaintiff to take advantage of subsection (d)'s two-year extension, she must have sustained her injuries within the earlier of 12 years from the date of first sale of the product or 10 years of the date of first sale of the product to its initial user. *Taylor*, 719 F. Supp. at 743.

We agree with the *Taylor* court that section 13—213(d) must be interpreted this way or else section 13—213(b)'s expiration clause would be meaningless. Subsection (b) provides only one period of repose: the earlier of the 10- or the 12-year time periods. Accordingly, since Garza was injured on May 9, 1989, and the applicable 10-year repose period expired on September 21, 1988, Garza cannot take advantage of subsection (d)'s two-year extension. Section 13—213(b) bars Garza's product liability claims against both Howell and Navistar.

For the foregoing reasons, we reverse the judgment

of the appellate court and affirm the judgment of the circuit court.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

CHIEF JUSTICE BILANDIC took no part in the consideration or decision of this case.