Docket No. 79293--Agenda 9--March 1996.

    RAFAEL GARZA, SR., Appellee, v. NAVISTAR INTERNATIONAL TRANSPORTATION

    CORPORATION et al. (Navistar International Transportation Corporation,

                                 Appellant).

                         Opinion filed May 23, 1996.

     JUSTICE HARRISON delivered the opinion of the court:

     In this appeal, we are asked to decide whether the statute of repose

governing product liability actions (Ill. Rev. Stat. 1989, ch. 110, par. 13--

213) barred plaintiff's strict liability claim against defendant Navistar

International Transportation Corporation, the manufacturer of the product.

Plaintiff, Rafael Garza, Sr. (Garza), filed a multicount lawsuit against

several defendants to recover damages for personal injuries he received in a

construction accident. Defendants, Navistar International Transportation

Corporation (Navistar) and Howell Tractor & Equipment Company (Howell), moved

to dismiss the strict liability claims against them. The trial court granted

Navistar and Howell's motions to dismiss the strict liability claims, finding

that the statute of repose (Ill. Rev. Stat. 1989, ch. 110, par. 13--213)

barred the claims. The appellate court affirmed the dismissal of the strict

liability claim against Howell, but reversed the dismissal of the strict

liability claim against Navistar. 271 Ill. App. 3d 1082. We allowed

Navistar's petition for leave to appeal. 155 Ill. 2d R. 315. For the reasons

which follow, we reverse the appellate court's judgment and affirm the

judgment of the circuit court.

     The facts of this case reveal that Garza was seriously injured while

working as a laborer for the third-party defendant, Lorig Construction

Company, on May 9, 1989. A Dresser Payloader, which was being operated by a

co-worker, struck Garza, pinning him against a wall. The "Dresser Payloader,

No. 530" was manufactured by International Harvester Company, now known as

Navistar. It is undisputed that Navistar first sold the "Dresser Payloader,

No. 530" to Howell, the distributor-lessor, on November 22, 1977. Howell

first leased the machine to its initial user, Lorig Construction Company,

plaintiff's employer, on September 21, 1978.

     Garza filed this action against defendant Navistar on May 17, 1989. On

January 4, 1990, plaintiff amended the complaint and added Howell as a

defendant. Garza's complaint contained claims based upon negligence, the

Structural Work Act, and strict product liability. With regard to the strict

liability claims, Garza alleged that the Dresser Payloader was unreasonably

dangerous and defective when it left the possession and control of Navistar,

the manufacturer, and Howell, the distributor-lessor. As stated, defendants

Navistar and Howell filed motions to dismiss the strict liability claims

brought against them. The trial court granted the motions to dismiss finding

that Garza's strict liability claims were barred by the repose statute. Ill.

Rev. Stat. 1989, ch. 110, par. 13--213. The trial court held that the claims

against both defendants were barred by the 10-year repose provision because

the product liability action was commenced more than 10 years after the

Dresser Payloader was first leased to its initial user, Lorig Construction

Company, and that this 10-year repose period "expired earlier" than the 12-

year repose period. See Ill. Rev. Stat. 1989, ch. 110, par. 13--213(b). The

trial court further denied Garza's motion for reconsideration.

     The appellate court affirmed the dismissal of Garza's strict liability

claim against Howell, but reversed the dismissal of the claim against

Navistar. 271 Ill. App. 3d 1082. The appellate court held, sua sponte, that

section 13--213(b) mandates that the 12-year repose provision applies

exclusively to manufacturers, while the 10-year repose provision applies to

lessors and distributors. 271 Ill. App. 3d at 1086. According to the

appellate court, Garza timely filed his suit against Navistar on May 17,

1989, within 12 years from the November 22, 1977, date on which Navistar

first sold the Dresser Payloader to Howell. 271 Ill. App. 3d at 1086.

     Navistar contends that the appellate court improperly made the length of

the repose period dependent upon whether a defendant is a manufacturer or a

distributor-lessor. Navistar further notes that in establishing the repose

period, section 13--213(b) never makes a distinction between the various

categories of sellers against whom a product liability action may be brought.

Navistar also claims that the 10-year repose period clearly "expired

earlier," and if it were properly applied, plaintiff's claims against both

Navistar and Howell would be barred.

     We agree with defendant Navistar. There is no language in section 13--

213(b) which mandates that the 12-year repose provision applies to

manufacturers and that the 10-year provision applies to retailers and

lessors, as the appellate court suggests. The appellate court's reasoning may

be correct under the version of section 13--213(b) which it cites in its

opinion. However, in the version of section 13--213(b) included in the

appellate opinion, the court misquoted the statute, omitting all reference to

the 10-year provision and referring only to the 12-year provision. 271 Ill.

App. 3d at 1085. The complete text of section 13--213(b) mandates a different

conclusion than that reached by the appellate court. Section 13--213(b)

outlines both the 10-year and 12-year repose periods and provides that:

               "(b) Subject to the provisions of subsections (c) and (d) no

          product liability action based on the doctrine of strict liability

          in tort shall be commenced except within the applicable limitations

          period and, in any event, within 12 years from the date of first

          sale, lease or delivery of possession BY A SELLER OR 10 YEARS FROM

          THE DATE OF FIRST SALE, LEASE OR DELIVERY OF POSSESSION to its

          initial user, consumer, or other non-seller, whichever period

          expires earlier, of any product unit that is claimed to have

          injured or damaged the plaintiff, unless the defendant expressly

          has warranted or promised the product for a longer period and the

          action is brought within that period." (Emphasis added.) Ill. Rev.

          Stat. 1989, ch. 110, par. 13--213(b).

The appellate court left out the language from section 13--213(b) which

states "by a seller or 10 years from the date of first sale, lease or

delivery of possession." 271 Ill. App. 3d at 1085. Without this portion of

the text, the "whichever period expires earlier" language is rendered

meaningless. Instead of comparing the two time periods to determine which one

served to extinguish the claim, the appellate court omitted all reference to

the 10-year period, and concluded sua sponte that only the 12-year period

could apply to manufacturers. We will examine the full text of section 13--

213(b) and apply it to the facts in the present case.

     Where the language of a statute is clear and unambiguous, a court must

give it effect as written, without "reading into it exceptions, limitations

or conditions that the legislature did not express." Solich v. George & Anna

Portes Cancer Prevention Center of Chicago, Inc., 158 Ill. 2d 76, 83 (1994).

The plain language of section 13--213(b) states that a product liability

action must be filed, not only within the statute of limitations, but also

within 12 years of the date the product is first sold, leased, or delivered,

or 10 years from the date it was first sold, leased, or delivered to the

initial user or consumer, whichever period expires earlier. The product

liability repose statute makes no distinction between the various

manufacturers, distributors, lessors, and other categories of sellers within

the distributive chain. Moreover, the various terms defined in the statute

establish that the repose period outlined in section 13--213(b) applies

uniformly to all defendants against whom a product liability action may be

brought.

     Section 13--213(a) defines various terms used in the statute. The

relevant portions provide:

          "(a) As used in this Section, the term:

                                     * * *

               (3) `product liability action' means any action based on the

          doctrine of strict liability in tort brought against the seller of

          a product on account of personal injury, (including illness,

          disease, disability and death) or property, economic or other

          damage ***." Ill. Rev. Stat. 1989, ch. 110, par. 13--213(a)(3).

               "(4) `seller' means one who, in the course of a business

          conducted for the purpose, sells, distributes, leases, assembles,

          installs, produces, manufactures, fabricates, prepares, constructs,

          packages, labels, markets, repairs, maintains, or otherwise is

          involved in placing a product in the stream of commerce." Ill. Rev.

          Stat. 1989, ch. 110, par. 13--213(a)(4).

     It is well established that when a statute defines the very terms it

uses, "those terms must be construed according to the definitions contained

in the act." People ex rel. Scott v. Schwulst Building Ccenter, Inc., 89 Ill.

2d 365, 371 (1982). Section 13--213(a)(3) defines a "product liability

action" as any action based on the doctrine of strict liability in tort

brought against the "seller" of product. The repose statute goes on to define

"seller" in section 13--213(a)(4) as one who, "in the course of a business

conducted for the purpose, sells, distributes, leases, assembles, installs,

produces, MANUFACTURES" a product. (Emphasis added.) Ill. Rev. Stat. 1989,

ch. 110, par. 13--213(a)(4). The statute states in section 13--213(b) that a

"product liability action," which is defined as a strict liability action

against a "seller," must be commenced within the shorter of the two repose

periods. When the legislature outlined the repose periods for "product

liability actions," it was referring to actions against all categories of

"sellers" within the chain of distribution, including manufacturers.

Therefore, when section 13--213(b) is read in conjunction with these

definitions, it is apparent that the earlier of the 10- or 12-year repose

periods is to be applied in all product liability actions brought against any

type of seller defined in section 13--213(a)(4).

     In the present case, Navistar manufactured the Dresser Payloader and

Howell leased it to Lorig Construction, its initial user. Both of these

categories, manufacturers and distributor-lessors, are encompassed in the

definition of a "seller" provided in section 13--213(a)(4). Therefore, the

earlier of the 10- or 12-year repose period, referenced in section 13--

213(b), is to be applied to determine whether Garza's product liability

claims were timely filed against both Navistar and Howell. The 12-year repose

period begins to run from the date of first sale, lease, or delivery. In this

case, the critical date was November 22, 1977, when the Dresser Payloader was

sold for the first time by Navistar to Howell. The 12 years expired on

November 22, 1989. The 10-year repose period begins to run from the date the

product is first sold or leased to its initial user. Howell first leased the

Dresser Payloader to its initial user, Lorig Construction Company, on

September 21, 1978. Accordingly, the 10-year repose period began to run on

September 21, 1978, and expired on September 21, 1988.

     Clearly, the 10-year repose period "expired earlier" than the 12-year

repose period. Therefore, under section 13--213(b), any product liability

action against both Navistar and Howell had to be brought no later than

September 21, 1988, the date the 10-year repose period expired. Garza's

injuries took place on May 9, 1989, and he did not file his product liability

action until May 17, 1989, several months after the period of repose had

expired. We hold that section 13--213 of the Code of Civil Procedure (Ill.

Rev. Stat. 1989, ch. 110, par. 13--213), the statute of repose for product

liability actions, barred Garza's claims against both Navistar and Howell.

     Other appellate court panels faced with interpreting section 13--213(b)

have reached the same conclusion. The 10-year repose period was applied to

bar a claim against the manufacturer of the product in Gardner v. Navistar

International Transportation Corp., 213 Ill. App. 3d 242 (1991), an action

involving the same manufacturer as the present case. In Gardner, there was

testimony that the product at issue, a gas cap manufactured by Navistar, was

acquired by the initial consumer at least 10 years prior to the accident in

question. The court held that section 13--213(b) barred plaintiff's claim

against Navistar, reasoning that "[t]he legislature has determined that an

action asserting strict products liability must be brought within 10 years of

acquiring the product or the cause of action will be barred." See Gardner,

213 Ill. App. 3d at 253.

     Similarly, in Thomas v. Unique Food Equipment, Inc., 182 Ill. App. 3d

278 (1989), the court recognized that the 10-year repose provision applied to

both manufacturers and distributors. In Thomas, the court held that

plaintiff's claims against both the product manufacturer and distributor were

barred, because they were brought more than 10 years after the sale of the

product to the board of education, plaintiff's employer, and the initial user

of the product. See Thomas, 182 Ill. App. 3d. at 280-82.

     Finally, in Elliott v. Sears, Roebuck & Co., 173 Ill. App. 3d 383

(1988), the plaintiff was injured and the cause of action was brought more

than 12 years after the manufacturer sold the product to the defendant-

retailer, but less than 10 years after the retailer sold the product to the

initial consumer. The court held that section 13--213(b) barred plaintiff's

claim because an action must be brought within 12 years from the first sale,

by a seller including a manufacturer, or within 10 years of first sale to the

initial user, "whichever period expires earlier." Elliott, 173 Ill. App. 3d

at 394. In Elliott, the court further reasoned that "if either of the 10- or

12-year periods has expired, then the action cannot be brought." Elliott, 173

Ill. App. 3d at 394.

     The reasoning in these cases is consistent with our interpretation of

section 13--213. Clearly, there is nothing in section 13--213(b) to indicate

that the 12-year repose period applies only to manufacturers and that the 10-

year period applies to retailers and lessors. If one of these repose periods

has expired prior to a product liability claim being brought, then the action

is barred against all categories of sellers, as defined in section 13--

213(a)(4).

     In his brief before this court, Garza contends, for the first time, that

Navistar's interpretation of the product liability statute of repose may

render it unconstitutional because it extinguished his right to bring a cause

of action before it even accrued. He argues that applying alternate repose

periods to extinguish claims does not treat potential plaintiffs fairly.

Garza states that such repose periods allow courts to bar a product liability

claim against one seller based upon the date other sellers in the

distribution chain may release the product. Specifically, Garza claims that

a potential plaintiff, such as himself, who sustains an injury more than 10,

but less than 12 years after a product is placed in the stream of commerce,

is unfairly deprived of his right to bring suit against the product's

manufacturer or other distributors.

     Lower courts have rejected constitutional challenges to the statute of

repose for product liability actions based on these same grounds. See

Thornton v. Mono Manufacturing Co., 99 Ill. App. 3d 722, 724-28 (1981);

Delnick v. Outboard Marine Corp., 197 Ill. App. 3d 770, 780-81 (1990). In

Thornton, the court reasoned that the purpose of these repose periods is to

extinguish a potential plaintiff's right to bring a cause of action beyond a

specified date, regardless of whether or not the action has accrued before

the repose period expires. See Thornton, 99 Ill. App. 3d at 726. However, we

need not consider the merit of these constitutional issues raised by Garza

because he presented them for the first time in his brief to this court. This

court has determined that "[w]here the appellant in the appellate court fails

to raise an issue in that court, this court will not address it." Hammond v.

North American Asbestos Corp., 97 Ill. 2d 195, 209 (1983). Here, Garza, the

appellant in the appellate court, failed to raise these constitutional issues

before that court. The issue was therefore waived.

     Finally, Garza contends that even if this court determines that the 10-

year repose period provided in section 13--213(b) applied to Navistar,

section 13--213(d) extended the period of repose two years from the date he

knew of his injury. Garza argues that under section 13--213(d), he had two

years from the date he suffered his injuries to file his product liability

claim against Navistar. Section 13--213(d) provides a "discovery" rule:

               "(d) Notwithstanding the provisions of subsection (b) and

          paragraph (2) of subsection (c) if the injury complained of occurs

          within any of the periods provided by subsection (b) and paragraph

          (2) of subsection (c), the plaintiff may bring an action within 2

          years after the date on which the claimant knew, or through the use

          of reasonable diligence should have known, of the existence of the

          personal injury, death or property damage, but in no event shall

          such action be brought more than 8 years after the date on which

          such personal injury, death or property damage occurred." Ill. Rev.

          Stat. 1989, ch. 110, par. 13--213(d).

Garza argues that since his injuries occurred within one of the periods of

repose provided in section 13--213(b), that is within 12 years from the date

Navistar first sold the Dresser Payloader to Howell, his claim could be

brought within two years of the date he knew of his injuries. Garza notes

that he timely filed his claim against Navistar on May 17, 1989, within eight

days after the accident.

      In contrast, Navistar contends that it is not enough for a potential

plaintiff's injury to have occurred within either the 10-year or the 12-year

repose provision to invoke section 13--213(d). But rather, according to

Navistar, a plaintiff's injuries must take place within the earlier of the

two repose periods to extend their time for filing a claim to two years after

the date of injury.

     We agree. Section 13--213(d) does not apply in this case because Garza's

injuries did not occur within the repose period provided in section 13--

213(b). The language in section 13--213(d) which states "if the injury

complained of occurs within any of the periods provided by subsection (b) and

paragraph (2) of subsection (c)" must be interpreted as referring to

whichever repose period expired earlier, as provided in section 13--213(b),

and the period provided for in subsection (c). Since only one of the time

periods from subsection (b) will apply in each case, section 13--213(b) only

provides for one period of repose. To determine which of the periods applies,

section 13--213(b) directs us to examine the facts and calculate which period

expires earlier. We have firmly established that only the shorter of these

two periods will serve to extinguish a claim. Therefore, when subsection (d)

states any period provided in subsection (b), it means whichever of the 10-

or 12-year provisions will act as the period of repose.

     Furthermore, our holding is consistent with the court's reasoning in

Taylor v. Raymond Corp., 719 F. Supp. 738 (N.D. Ill. 1989), aff'd, 909 F.2d

225 (7th Cir. 1990), a federal court sitting in diversity, applying Illinois

product liability law. As in the present case, in Taylor, the plaintiff's

injuries occurred less than 12 years after the defendant first sold the

product, but more than 10 years after it was sold to its initial user. The

plaintiff in Taylor argued that since her injuries occurred within one of the

periods provided in section 13--213(b), section 13--213(d) applied and

extended her period for filing a claim to two years from the date she knew of

her injury. The court in Taylor determined that in order for the plaintiff to

take advantage of subsection (d)'s two-year extension, she must have

sustained her injuries within the earlier of 12 years from the date of first

sale of the product or 10 years of the date of first sale of the product to

its initial user. Taylor, 719 F. Supp. at 743.

     We agree with the Taylor court that section 13--213(d) must be

interpreted this way or else section 13--213(b)'s expiration clause would be

meaningless. Subsection (b) provides only one period of repose: the earlier

of the 10- or the 12-year time periods. Accordingly, since Garza was injured

on May 9, 1989, and the applicable 10-year repose period expired on September

21, 1988, Garza cannot take advantage of subsection (d)'s two-year extension.

Section 13--213(b) bars Garza's product liability claims against both Howell

and Navistar.

     For the foregoing reasons, we reverse the judgment of the appellate

court and affirm the judgment of the circuit court.

Appellate court judgment reversed;

                                              circuit court judgment affirmed.

                                                                              

     CHIEF JUSTICE BILANDIC took no part in the consideration or decision of

this case.