EDWARD A. DINTELMAN *et al.*, Plaintiffs-Appellants, *v.* ALLIANCE MA-
CHINE COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 82—708

Opinion filed August 30, 1983.

Robert C. Nelson and Victoria J. Ehret, both of Belleville, for appellants.

Stephen J. Maassen, of Hoagland, Maucker, Bernard & Almeter, of Al-
ton, for appellee Koppers Company, Inc.

JUSTICE JONES delivered the opinion of the court:

In this appeal the plaintiffs, Edward A. Dintelman and Carla S.
Dintelman, challenge the trial court's ruling that the statute of repose
(Ill. Rev. Stat. 1981, ch. 110, par. 13—213, formerly Ill. Rev. Stat.
1981, ch. 83, par. 22.2) applies to a product liability action based upon
a theory of negligence.

On July 29, 1981, the plaintiffs, husband and wife, filed a com-
plaint against "Unknown Manufacturers and Sellers or Vendors"

seeking damages for personal injury suffered on April 3, 1981, by Edward Dintelman in the course of employment. Carla Dintelman sought damages in the suit for loss of consortium. Because of a problem with a lever, a crane and/or a trolley were set in motion and, apparently, rolled into Edward Dintelman, who suffered serious injury. Plaintiffs subsequently filed a second amended complaint consisting of 20 counts against five defendants, Alliance Machine Company, Koppers Company, Inc. (hereinafter Koppers), Cutler-Hammer, Inc., Manning, Maxwell and Moore, Inc., and Euclid Crane and Hoist Company. The first 10 counts of that complaint are based upon a theory of strict liability in tort; the second 10 counts upon a theory of negligence. Alleging that the statute of repose barred the action, defendant Koppers moved for summary judgment as to counts III and IV, the counts in strict liability in tort directed against it, and for dismissal with prejudice of counts XIII and XIV, the counts in negligence directed against it.

The statutes provides in pertinent part:

> "(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period." (Ill. Rev. Stat. 1981, ch. 110, par. 13—213(b).)

In an affidavit that was filed by defendant in support of its motion for summary judgment, Koppers' Contract Manager during the time the crane and trolley in question were being assembled and installed at the Granite City Steel Company stated that all of Koppers' work with regard to the crane and trolley was completed on or before August 23, 1967. Plaintiff's injury had occurred, then, approximately 13½ years after the product had been placed in the stream of commerce. In the motion to dismiss counts XIII and XIV Koppers alleged that the counts were "product liability causes of action based upon a theory of negligence in the construction, design or manufacture of a crane and/or trolley" and that such actions are barred by the statute of repose. Pursuant to the statute, the trial court granted Koppers' motion for summary judgment as to counts III and IV and for dis-

missal with prejudice of counts XIII and XIV. Pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1981, ch. 110A, par. 304(a)), the trial court found that there was no just reason for delaying enforcement or appeal with respect to the judgment.

■ On appeal plaintiffs do not dispute the granting of summary judgment as to counts III and IV, admitting in their brief that the statute expressly applies to actions brought under a theory of strict liability. They dispute the dismissal of counts XIII and XIV, however, contending that the statute of repose does not apply to product liability actions based upon a theory of negligence. Koppers argues that "to permit a negligence action to be brought upon allegations identical to a strict liability action[,] which is precluded by the Statute of Repose, would frustrate and defeat the purpose of the Statute." The allegations in an action for negligence are not, however, "identical to" those in an action for strict liability in tort. Although many of the same facts may need to be proved in a suit brought in both negligence and strict liability in tort, the two causes of action consist of different elements that must be proved to prevail. Whereas liability may be imposed for negligence only if the plaintiff can prove fault on the part of the defendant, strict liability in tort is *strict* liability, though not absolute (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104), and is imposed despite the absence of fault on the defendant's part in order to protect the public from unreasonably dangerous products (see *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 338 N.E.2d 857).

In *Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 725, 425 N.E.2d 522, 524, upon which plaintiffs rely, the court reiterated the suggestions of the parties in that suit that "the legislative purpose sought by enactment of the products liability statute of limitations was to dampen the rapid escalation of insurance rates which has accompanied the widened exposure to lawsuits of those in the chain of manufacture and distribution of products since the advent of products liability actions based on strict liability in tort." In an action for strict liability in tort, as in an action for negligence, the plaintiff is free of the barrier of the contract defenses possible in an action based upon warranty. In an action for strict liability in tort, as opposed to an action in negligence, the plaintiff is free as well of the difficulty of proving negligence in a manufacturing process with which he is unfamiliar. Thus, an action in strict liability in tort is decidedly different from an action in negligence, there being, in the words of the court in *Liberty Mutual*, "fundamental differences" (62 Ill. 2d 77, 84, 338 N.E.2d 857, 861) between them. Indeed, the difference ac-

counts for the "avalanche," in the words of Dean Prosser (W. Prosser, Handbook of the Law of Torts 658 (4th ed. 1971)), of product liability cases that followed recognition of the theory of strict liability in tort and the concomitant escalation of insurance rates. In fact, the court in *Thornton*, holding the statute of repose constitutional, concluded that the statute bears a reasonable relationship to its intended purpose because of these very differences between actions brought under a theory of strict liability and actions brought under a theory of negligence and warranty. In response to the appellant's contention that the statute was "arbitrary because it imposes a limitation only with respect to actions grounded upon strict liability in tort, but not those based upon negligence or warranty," the court said:

"[T]he recent evolution of the doctrine of strict liability in tort reflected in Illinois case law testifies to the independence which this cause of action has won from the traditional constraints of negligence and warranty. [Citations.] These cases illustrate that unlike ordinary negligence, a manufacturer or distributor of a product may be held liable under a theory of strict liability in tort regardless of the degree of care exercised; and unlike warranty, recovery is limited neither by traditional rules of contractual privity, nor by the time constraints which usually accompany warranties. Based upon these different considerations, it cannot be said that the legislature served no rational purpose by imposing a limitation upon products liability actions grounded on strict liability in tort which is absent from warranty and negligence." 99 Ill. App. 3d 722, 725, 425 N.E.2d 522, 524-25.

■ Furthermore, the legislature has defined the term "product liability action" as used in the statute:

"(3) 'product liability action' means any action based on the doctrine of strict liability in tort brought against the seller of a product on account of personal injury, (including illness, disease, disability and death) or property, economic or other damage allegedly caused by or resulting from the manufacture, construction, preparation, assembly, installation, testing, makeup, characteristics, functions, design, formula, plan, recommendation, specification, prescription, advertising, sale, marketing, packaging, labeling, repair, maintenance or disposal of, or warning or instruction regarding any product. This definition excludes actions brought by State or federal regulatory agencies pursuant to statute." (Ill. Rev. Stat. 1981, ch. 110, par. 13—213(a)(3).)

It is well established that the doctrine of strict liability in tort, in which liability may be imposed without fault on the part of the defendant, does not include negligence (*Liberty Mutual; Woodill v. Parke Davis & Co.* (1978), 58 Ill. App. 3d 349, 374 N.E.2d 683, *aff'd*, 79 Ill. 2d 26, 402 N.E.2d 194), in which liability may be imposed on the defendant only if he has been at fault. By its express reference to the doctrine of strict liability, the legislature intended the statute of repose not to apply to actions brought under a theory of negligence. The legislature chose to permit a plaintiff to sue in negligence, beyond the period of time specified in the statute of repose, in the knowledge that the need to prove fault in a product liability action will make it more difficult for such a plaintiff to prevail, as opposed to a plaintiff suing, were he permitted to do so, in strict liability in tort. The legislature made such a choice in the further knowledge that the problems of proof in such a suit can only increase with the passage of time. Defendant has cited to us several secondary sources concerning statute of repose. However, the legislature has limited the application of the statute brought in strict liability in tort, and we abide by its will.

■ For these reasons we affirm that part of the order of the trial court granting summary judgment as to counts III and IV and reverse that part of the order dismissing counts XIII and XIV of plaintiffs' second amended complaint and remand the cause to the circuit court for further proceedings.

Affirmed in part; reversed in part and remanded.

KARNS and KASSERMAN, JJ., concur.