[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-11191
Non-Argument Calendar
_____

D.C. Docket Nos. 4:08-md-02004-CDL; 4:11-cv-05074-CDL

KIMBERLY CURTIS,
THOMAS CURTIS,

Plaintiffs-Appellants,

versus

MENTOR WORLDWIDE, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 22, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kimberly and Thomas Curtis appeal the district court's grant of summary

judgment in favor of Mentor Worldwide, LLC, on statute of limitation grounds.

After review of the record and the parties' briefs, we affirm.

## I.

Mrs. Curtis sought treatment from Dr. Brent Trockman, a urologist, in November of 2004 for stress urinary incontinence symptoms. Dr. Trockman diagnosed Mrs. Curtis with urinary mixed incontinence and, after prescription medication did not decrease her symptoms, he explained the surgical options available. On February 8, 2005, Dr. Trockman surgically implanted a suburethral sling called ObTape Transobturatory Tape into Mrs. Curtis. ObTape was developed by Mentor Worldwide, LLC, to treat patients with stress urinary incontinence.

On August 2, 2005, Mrs. Curtis returned to Dr. Trockman for treatment for vaginal erosion. Dr. Trockman told Mrs. Curtis that she had an exposed graft. Two weeks later, on August 16, 2005, Dr. Trockman excised the exposed portion of Mrs. Curtis' ObTape sling.

In March of 2006, while on a business trip in New York, Mrs. Curtis experienced vaginal discharge, boils, and a fever. Mrs. Curtis went to the emergency room, where Dr. Ivan Miller advised her that she had a deep infection in her leg and needed to be seen by another doctor. Mrs. Curtis returned to Illinois and, on March 18, 2006, she underwent a second excision surgery to remove the ObTape sling. In 2010 or 2011, Mrs. Curtis saw a television advertisement about

2

problems and symptoms from transvaginal mesh surgeries.

Mr. and Mrs. Curtis filed this action against Mentor on October 5, 2011. Mrs. Curtis asserted tort claims for negligence, strict liability/defective design, strict liability/manufacturing defect, strict liability/failure to warn, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. She also brought claims for breach of implied warranties and breach of express warranties. Mr. Curtis' claim was for loss of consortium.

The Judicial Panel on Multidistrict Litigation transferred the action from the Northern District of Illinois to the Middle District of Georgia. The district court in Georgia determined that because the injuries occurred in Illinois and Illinois was the forum where Mr. and Mrs. Curtis brought their action, Illinois' statute of limitations applied to the claims. The district court granted Mentor's motion for summary judgment, concluding that all the claims were time-barred.

## II.

We review a grant of summary judgment *de novo*. *See OSI, Inc. v. United States*, 525 F.3d 1294, 1297 (11th Cir. 2008). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under Illinois law, whether an action was brought within the time allowed

by the "discovery rule" is generally an issue of fact. *See Clay v. Kuhl*, 727 N.E.2d 217, 221 (Ill. 2000). The issue may be determined as a matter of law, however, when the answer is clear from the record. *See id.*

## III.

## A.

Mrs. Curtis' tort claims are governed by the two-year statute of limitations applicable to personal injury claims. *See* 735 Ill. Comp. Stat. 5/13-202. The "discovery rule" in Illinois delays the commencement of the applicable statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused. *See Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1137 (Ill. 1995). "The phrase 'wrongfully caused' does not mean knowledge of a *specific* defendant's negligent conduct or knowledge of the existence of a cause of action." *Castello v. Kalis*, 816 N.E.2d 782, 789 (Ill. App. Ct. 1st Dist. 1983) (quoting *Young v. McKiegue*, 708 N.E.2d 493, 501 (Ill. 1999)). Instead, it refers to when an "injured party 'becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'" *Id.* (quoting *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980-81 (Ill. 1981)).

Nevertheless, Mrs. Curtis argues that the two-year statute of limitations

period began to run only when she knew that Mentor manufactured the sling, that the sling caused her injuries, and that the sling might be defective. The Supreme Court of Illinois, however, has rejected the notion that a cause of action accrues only when the defendant's negligent conduct is known. *See Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981) ("We wish to emphasize that the rule we announce is not the same as a rule which states that a cause of action accrues when a person knows or should know of both the injury and the defendants' negligent conduct."). It emphasized that "[n]ot only is such a standard beyond the comprehension of the ordinary lay person to recognize, but it assumes a conclusion which must properly await legal determination." *Id.* Additionally, if knowledge of a specific defendant's negligent conduct were the standard, a party may wait to bring an action despite having knowledge that an injury has occurred and that the injury was wrongfully caused. *See id.* It would thus seem contrary to the purpose of a statute of limitations, which requires the prosecution of a right of action within a reasonable time. *See id. See also United States v. Kubrick,* 444 U.S. 111, 122 (1979) ("The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury.").

In March of 2006, Mrs. Curtis knew that her infection and related problems had something to do with the ObTape sling, and she had the sling removed. At that time, Mrs. Curtis was obligated to begin her inquiry as to who manufactured her

5

sling and whether her complications were due to a problem with the surgery or a defective sling. *See Nolan*, 421 N.E.2d at 868. Mrs. Curtis' claims are barred by the applicable two-year statute of limitations because those claims accrued more than two years before Mrs. Curtis filed suit. *See* 735 Ill. Comp. Stat. 5/13-202. Mentor was entitled to summary judgment on these claims.

## B.

A product liability action must be brought "within the applicable limitations period, and in any event, within 12 years from the date of the first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier. . . ." 735 Ill. Comp. Stat. 5/13-213(b).[1] The "applicable limitations period" is the two-year statute of limitations imposed on personal injury claims. *See Golla v. General Motors Corp.*, 657 N.E.2d 894, 897 (Ill. 1995) (quoting 735 Ill. Comp. Stat. 5/13-202) ("the 'applicable limitations period' referred to in section 13-213 is found in section 13-202 of the Code, which states that '[a]ctions for damages for an injury to the person . . . shall be commenced

---

[1] In 1995, the Illinois legislature amended the statute of repose to include all theories of product liability, including negligence. *See* 735 Ill. Comp. Stat. 5/13-213(b) (1996). Subsequently, the Illinois Supreme Court found a provision of the act that amended the statute unconstitutional and struck down the entire act because the remaining provisions were not severable. *See Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1104-06 (Ill. 1997). The prior version of the statute, however, still stands, *see id.* at 1105–06, and applies to Mrs. Curtis' product liability claims grounded on strict liability in tort. *See Dintelman v. Alliance Mach. Co.*, 453 N.E.2d 128, 131 (Ill. App. Ct. 5th Dist. 1983).

within 2 years next after the cause of action accrued'"). Section 13-213 further provides that, "[n]otwithstanding the provisions of subsection (b) . . . if the injury complained of occurs within any of the periods provided in subsection (b) . . . the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury. . . ." 735 Ill. Comp. Stat. 5/13-213(d).

As discussed above, Mrs. Curtis knew, at the latest, in March of 2006 that her body was rejecting the ObTape and that she had suffered a severe infection as a result. At that time, Mrs. Curtis knew or reasonably should have known that the injury was caused by the wrongful acts of another. As such, Mrs. Curtis' product liability claims are also time-barred by the applicable two-year statute of limitations.

## C.

A loss of consortium claim must be brought within "the same period of time as actions for damages for injury to such other person." 735 Ill. Comp. Stat. 5/13-203. Because Mrs. Curtis' claims are barred by the statute of limitations, Mr. Curtis' loss of consortium claim is likewise barred.

## IV.

Under Illinois law, a breach of warranty claim "must be commenced within four years after the cause of action has accrued." 810 Ill. Comp. Stat. 5/2-725(1).

7

Such a claim accrues "when a breach occurs regardless of the aggrieved party's lack of knowledge of the breach." 810 Ill. Comp. Stat. 5/2-725(2). The breach occurs when tender of delivery is made, "except that where a warranty explicitly extends to future performance of goods." *Id*. Unless an express warranty *explicitly* extends to future performances, this latter exception does not apply. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 454 (Ill. 1982). The breach of warranty claim, therefore, accrued no later than February 8, 2005—the date Mrs. Curtis was implanted with the ObTape sling. Mrs. Curtis' warranty claims are time-barred, as she filed this action on October 5, 2011, more than four years after the claims accrued.

## V.

The district court's grant of summary judgment in favor of Mentor is affirmed.

**AFFIRMED.**